### *In re* BRADLEY'S ESTATE.

#### (*Surrogate's Court, New York County.* July 5, 1888.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—ATTORNEY'S FEES.
   An administrator, who pays an attorney for his services in an action against the estate more than such services are worth, is chargeable with the excess.

2. SAME—SERVICES TO ADMINISTRATOR INDIVIDUALLY—REPORT OF REFEREE.
   Where services are rendered to the administrator individually and as administrator, and they cannot be separated without difficulty, the report of the referee not being plainly against the weight of the evidence, or without evidence to support it, reducing the amount claimed as a credit therefor, will be confirmed.

3. SAME—FAILURE TO INVEST FUNDS—INTEREST—PERSONAL LIABILITY.
   The administrator having withdrawn, without legal advice, a sum of money belonging to the estate from a trust company, for fear it might be attached, and kept it idle for about a year, is chargeable with interest thereon.

On exceptions to report of referee.

Estate of William Bradley, deceased. The administrator excepts.

*Sidney H. Stuart,* for administrator. *Cudlipp & Glover,* for Mary E. Bradley *et al. George S. Coleman,* special guardian, for Theresa Bradley *et al.*

RANSOM, S. The report and supplemental report of the referee in this proceeding, with exceptions to both, are now presented for final disposition. The only question referred back to the referee was as to the actual value of the services rendered by Mr. Stuart, the attorney for the administrator, in the suit against the city. When the report of the referee herein was first presented, it was decided that the sum of $206.32, which had been received by Mr. Stuart, attorney for the administrator, as and for his taxable costs in the suit against the city, should have been charged by the administrator to himself in his account; and of course it follows that, as Mr. Stuart received that sum, and presumably was entitled to more, the administrator should have been credited therewith. The referee now holds that the value of Mr. Stuart's services as attorney in said suit against the city is $500, and an examination of the testimony seems to fully sustain the referee, and his report is confirmed in that regard. The fact is that Mr. Stuart, in addition to $206.32, was paid by the administrator $500, and of this amount the administrator must be charged $206.32. Consideration of other exceptions to the report of the referee was reserved until the coming in of the supplemental report, and are disposed of as follows: The second exception is to the second finding, whereby the administrator is charged with interest at the rate of $2\frac{1}{2}$ per cent. per annum, amounting to $75.61. The testimony shows that he withdrew the principal sum from the trust company, and kept it idle for about a year, because he feared it might be attached, and that this was done without legal advice. The exception is overruled. The third exception is to the third finding, whereby the amount of the fee of $250, paid to M. J. Murphy, is reduced to $50. The testimony offered on this point is conflicting and voluminous. It appears that Mr. Murphy was employed, and served the administrator, both as administrator and individually, and that there is some difficulty in separating the services performed for him as administrator from those performed for him individually. In all cases the report of the referee will be confirmed unless it be plainly against the weight of evidence, or without any evidence to support it. The exception is overruled. The fourth exception is directed to the fourth finding, whereby the claim of the administrator against the estate

was held not to have been proved. After a careful reading of the testimony and cases cited by counsel, I must sustain the finding. The exception is overruled. The fifth exception is overruled.