EXECUTORS AND ADMINISTRATORS (§ 104*)—ACCOUNTING—LIABILITY OF EXECUTOR FOR INTEREST.

　　Where the funds of an estate were deposited by the executor and testamentary trustee in a national bank of which he was chief owner, and the funds brought no revenue to the bank nor to the executor, and they were always on hand for payment to those entitled thereto under the will, the executor and trustee will not be charged with interest on the funds.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 423–432; Dec. Dig. § 104.*]

In the matter of the judicial settlement of the accounts of Pliny T. Sexton, executor. Objections disallowed.

Pliny T. Sexton, in pro. per.
Stephen Douglas Anderson, in pro. per.
E. A. Nash, for contestant.

KNAPP, S. On the 10th day of April, 1906, letters testamentary under the will of Guly A. Anderson were issued to Pliny T. Sexton. It is not disputed that the contestant in this proceeding filed objec-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tions to the probate of the will of Guly A. Anderson, his mother, and after a contest the will was admitted to probate by the surrogate of Wayne county, and letters testamentary were issued to the executor named in said will. The principal part of the estate that came into the hands of the executor was a bond, dated January 1, 1876, for $10,-000. It is not disputed that, on April 11, 1907, this executor paid such bond, together with the sum of $838.33, the accrued interest. He deposited such funds to his credit as executor in the First National Bank of Palmyra, N. Y.

Thereafter, and on the 8th day of October, 1908, a petition was filed by this contestant, asking that such executor and trustee might be cited and required to settle his account as such executor and trustee of said estate. Upon the return of the citation issued upon said petition, and on the 26th day of October, 1908, the executor and trustee did file in the surrogate's office of Wayne county his account as such executor and trustee, in which he charges himself with the sum of $13,648.82, and credits himself with the sum of $13,224.91. He also proved upon his accounting a claim of his against the decedent, amounting to the sum of $144.54, leaving in his hands unadministered the sum of $279.-37. Stephen Douglas Anderson, one of the heirs at law and legatees under the will of Guly A. Anderson, his mother, filed objections to such account. A hearing was had upon the issues raised by the account, and the objections filed thereto, before the surrogate of Wayne county. Upon that hearing only one of the objections filed was seriously contended for, and that was whether or not this executor and trustee was liable for the payment of interest upon the share or legacy to which this contestant is entitled, from the 11th day of April, 1907, to the time of this accounting. It appeared uncontradicted upon the trial that the capital stock of the First National Bank of Palmyra was $100,000, all of which stock was owned by this executor, except the sum of $4,000, held by four other stockholders, who each held $1,000 in stock of said bank. It also appears uncontradicted that for five years prior to such accounting and such trial the First National Bank of Palmyra had paid in dividends 6 per cent. upon its capital stock, and that this executor had received his dividends upon his stock.

The executor in his testimony testified that the First National Bank of Palmyra did not pay interest upon deposits; that it had not for a great many years; that this sum of $10,000 and accumulated interest had not brought any revenue to the bank, neither had it produced any revenue to the executor; that from the 11th day of April, 1907, to the present time there was never a time when this money was not on hand for payment to those entitled thereto under the will of Guly A. Anderson. He further testified that, shortly after the 8th day of April, 1907, he had a conversation with this contestant, in which he told him that the money to which he was entitled was on deposit in the bank, and that it would not draw any interest while there, and that it could be paid out at any time. It appears by the testimony of the contestant, and also of the executor, that negotiations back and forth have taken place between the two between the 8th day of April, 1907, and the time of the filing of this contestant's petition for the compulsory accounting of this executor; that for one reason or an-

other they have been unable to agree upon the terms of settlement. The executor testifies that he repeatedly has told the contestant that he would make advances upon the sum to which he was entitled, that the moneys were in the bank ready to be paid out, and that no interest would be paid thereon.

I have no doubt that the version given by the executor of the transaction is the correct one. I am not aware that any hard and fast rule can be laid down as to when an executor or administrator shall be charged with interest, as each individual case must be decided upon the facts as presented. In the case of Jacot v. Emmett, 11 Paige, 142, the chancellor laid down the rule as follows:

"But the mere neglect of an executor or administrator to invest money belonging to the estate, which money he may be called upon to pay to the legatees or distributees at any moment, is no ground for charging him with interest, where such money is kept ready in bank, or otherwise, to be paid over when called for. * * * Indeed an administrator would not be authorized to loan a fund to which adult distributees were immediately entitled at their risk and without authority from them."

This principle has been repeatedly held in the highest courts of this state, and the authority which I have cited has been quoted therein with approval. Neither do I think that, simply because an executor is the owner of stock in a bank, he should be forbidden from the keeping of his trust funds therein, and that, if he does, he must pay interest thereon. This matter was quite thoroughly discussed and decided in the Matter of Johnson, 57 App. Div. 494, 67 N. Y. Supp. 1004, and on page 501 of 57 App. Div., and page 1009 of 67 N. Y. Supp., in which case this same executor was a party, Mr. Justice Spring, in writing the opinion, well said:

"The bare fact that Mr. Sexton was both executor and chief owner of the bank cannot fairly be made the pretext for punishing him, where no wrong has been done."

There is no charge here that Mr. Sexton has either mismanaged this estate, or has been guilty of fraud or collusion, or that he has used the funds belonging to this estate for his own private or personal use, or has mixed them with his own funds, so that he was a gainer thereby, except as the claim is made that he has received dividends from the bank in which he is the largest stockholder, and in which these funds were kept. From the evidence in this case, it has been established to my satisfaction that Mr. Sexton received no interest upon this fund from the 11th day of April, 1907, down to the time of the filing of the petition in this proceeding for his accounting. There had been, from time to time, between the 8th day of April, 1907, and the time of the filing of this petition, repeated negotiations between Mr. Sexton and this contestant concerning a settlement of this account out of court and the share to which he might be entitled. These negotiations took place from time to time with the full knowledge on the part of the contestant that his share of this estate was deposited in the First National Bank of Palmyra, N. Y., subject to payment at any time, and that the same was not drawing interest. Mr. Sexton, so far as I have been able to find, has exercised good faith in the administra-

tion of this estate, and I am unable to see upon what just theory he should be chargeable with interest upon this fund.

The objections filed to the account of the executor and trustee by the contestant herein are disallowed. The account, as filed, may be settled, and a decree made and entered settling such account on any Monday at 10 a. m. at the surrogate's office in Lyons, N. Y., upon giving five days' notice to the counsel for the contestant herein.

Decreed accordingly.