In the Matter of the Intermediate Settlement of the Account of KARL A. KIRCHNER, etc., of MARTIN MAYER, Deceased.

Surrogate's Court, Rockland County, June 19, 1928.

**Executors and administrators — accounting — application for order surcharging executor with interest at six per cent on moneys belonging to estate — proof shows executor mingled estate moneys with his own private funds for period of six months — executor had use of funds and should be charged maximum rate of interest.**

This is an application for an order surcharging an executor with interest at the rate of six per cent on moneys belonging to the estate which he concededly

mingled with his private funds for a period of six months. Since he had the use of the funds for that period of time he should be charged with the maximum legal rate of interest, if for no other reason than a punitive one to discourage such a practice. The situation would have been different had he deposited the money in his name as executor and failed to account for any interest thereon; in that event possibly a surcharge of two per cent might be fair.

PROCEEDING by executor for accounting.

*George R. Lanchantin,* for the executor.

*Henry V. Stebbins,* for the contestant.

PATTERSON, S. The contesting party asks that the executor be surcharged with the legal rate of interest on $1,750, moneys belonging to the estate which he, concededly, mingled with his private funds for a period of six months.

The accounting party concedes that he should be properly charged with two per cent on such funds but disputes the contestant's claim that he is entitled to six per cent.

I have read the cases submitted by the executor with the result that I cannot say they bear out his contention.

In *Matter of Sexton* (61 Misc. 569); one of the cases cited, the court said: " I am not aware that any hard and fast rule can be laid down as to when an executor or administrator shall be charged with interest, as each individual case must be decided upon the facts as presented." I think that sums up the respective contentions.

The executor concededly deposited the sum in his own personal account and to that extent he must be said to have enjoyed the use thereof to his own profit and benefit, and, hence, I think he should be charged with the legal rate of interest thereon.

The situation would have been different had he deposited the money in his name as executor and failed to account for any interest thereon. In such a case, possibly, a surcharge of two per cent might be fair, or possibly, not surcharge him with any interest whatever, but where he deposited the money in his own account and commingled it with his own funds, I think he should be charged with the maximum legal rate of interest, if for no other reason than a punitive one to discourage such a practice.

My disposition of it is that the executor should be charged with interest at the rate of six per cent per annum for the period during which he had the funds of the estate deposited in his personal account.