In the Matter of the Estate of JANE INGLES EDDY, Deceased.

Surrogate's Court, Madison County, May 10, 1929.

*L. A. Parkhurst*, for Marion R. Ingalls, administratrix.

*Melba R. Ingalls*, claimant in person.

*W. E. Lounsbury*, special guardian for infants.

ALBERT F. DEVITT, District Attorney and Acting Surrogate. This is the matter of the final judicial settlement of the accounts of Marion R. Ingalls as administratrix of the estate of Jane Ingles Eddy, deceased. Melba R. Ingalls, to whom has been assigned the interest in this estate of her husband, Merton Ingalls, objects to the following items:

*First.* She objects to the allowance of $300 to the attorney for the administratrix.

*Second.* She objects to the funeral bill of $445 paid to C. Fred Campbell, undertaker.

*Third.* She objects to the sum of $25 paid to Mrs. Lucy Bellinger, as nurse.

*Fourth.* She objects to the sum of $25 put in the account as an unpaid item to be paid to the Sunnyside Cemetery Association of Merrillsville for perpetual care of the lot where the decedent is buried.

*Fifth.* She also asks that the account of the administratrix be surcharged for interest on the sum of $3,000 which was in the Oneida Savings Bank at the time of the death of Mrs. Eddy.

The contestant, Melba R. Ingalls, also filed objections to the account as originally filed on the ground that all payments of debts, claims and accounts must be accounted for by a verified claim of the claimant, and that vouchers for all payments over twenty dollars must be filed with the account.

At the time the account was originally filed, no vouchers were filed with the clerk of the Surrogate's Court, but since this hearing was commenced, the administratrix has filed vouchers for all sums which she has paid.

The old Code of Civil Procedure provided in section 2734 as follows: " Upon an accounting by an executor or administrator, the accounting party must produce and file a voucher for every payment, except in one of the following cases:

" 1. He may be allowed, without a voucher, any proper item of expenditure, not exceeding twenty dollars, if it is supported by his own uncontradicted oath, stating positively the fact of the payment, and specifying when and to whom the payment was made; provided that all the items so allowed against an estate, upon all the accountings of all the executors or administrators, shall not exceed five hundred dollars." This section was repealed by chapter 443 of the Laws of 1914, which took effect September 1, 1914.

In place of this provision there was inserted in the Code by chapter 443 of the Laws of 1914, section 2731, the following: " If any party interested shall demand in writing that a voucher be produced and filed for any payment alleged by the account to have been made, the accounting party shall produce and file such voucher or make satisfactory proof of such payment." This same provision is now in the Surrogate's Court Act, being the last sentence in section 263.

The contestant objects to the claims of creditors which have been allowed by the administratrix on the ground that the claims were not verified. The requirement that claims be verified is optional with an executor or an administrator. Section 207 of the Surrogate's Court Act provides: " * * * The executor or administrator *may* require satisfactory vouchers in support of any claim presented and the *affidavit* of the claimant that the claim is justly due, that no payments have been made thereon, and that there are no offsets to the same, to the knowledge of the claimant. * * * "

In the case at bar the administratrix had personal knowledge of all the claims presented and she was entirely within her rights

in paying these claims without requiring that the same be verified. As the administratrix has now presented and filed with this court vouchers for all payments set forth in her account, the objection of the contestant as to this matter is dismissed.

Mr. Parkhurst, the attorney for the administratrix, has taken the stand and testified in detail as to the amount of the services he has rendered to the administratrix in this estate and what he has done in the matter of settling the estate. Altogether it appears that he has put in time, which aggregates over twenty days of actual time spent. While an attorney could, perhaps, have settled an estate of this size by spending less time, and by employing some one to serve some of the papers that Mr. Parkhurst served personally, nevertheless, it has not been shown that he acted in bad faith and, therefore, his claim of $300 for services is allowed; of this sum he has already been paid $100, so that on the final settlement he should be paid the sum of $200 in full for his services in settling this estate, and $12.35 for his disbursements.

The contestant has called the undertaker, C. Fred Campbell, to the stand and examined him fully in regard to his bills for funeral services and she has also called the nurse, Mrs. Bellinger, and examined her fully, and it appears by uncontradicted evidence that their services were rendered as charged and were actually worth the sum charged and, therefore, their bills are allowed as charged and paid by the administratrix. The item which was objected to in regard to the payment of the sum of twenty-five dollars to the Sunnyside Cemetery Association, has not been paid, but it is a reasonable charge against this estate and should be paid and, therefore, the decree of final settlement should provide for the payment of the sum of twenty-five dollars to the Sunnyside Cemetery Association at Merrillsville, for the perpetual care of the lot where Mrs. Eddy is buried.

Due to the failure of the administratrix to file vouchers with her account, showing the itemized bills paid to the nurse and the undertaker, and due to her failure to show in her account the correct names of the banks and the time when the money was withdrawn from the savings bank and deposited in the Madison County Trust and Deposit Company, it has been necessary for the contestant to subpœna witnesses to testify to these matters and she should be allowed the sums she paid to these witnesses as witness fees, and her disbursements in serving subpœnas; therefore, she is allowed the sum of ten dollars as disbursements.

It appears that letters of administration were issued on this estate to Marion R. Ingalls on the 11th day of June, 1928. On June 21, 1928, this administratrix drew out all of the money remaining

in the Oneida Savings Bank to the credit of Mrs. Eddy, and deposited the same in the Madison County Trust and Deposit Company. This amount so drawn out on June twenty-first was $2,556.79. Previously, there had been drawn out and paid to the undertaker, C. Fred Campbell, the sum of $445 in payment of his funeral bill. In addition to the sum drawn from the savings bank, there was deposited in the Madison County Trust and Deposit Company the sum of $60 which was cash found in Mrs. Eddy's bank book. This deposit was made in the Madison County Trust and Deposit Company on June 21, 1928, and was put in a checking account where it did not draw interest. There has been paid from this fund so deposited, bills against the estate, including $100 to the attorney, L. A. Parkhurst, amounting to the sum of $705, leaving a balance on hand of $2,356.79. There appears no reason for drawing this money out of the Oneida Savings Bank where it was drawing four per cent interest and depositing it in the checking account where it did not draw interest. This money was drawn out ten days after the administratrix was appointed. The shortest time in which she could possibly settle this estate was six months, and then only after she had published a notice to creditors to present their claims. She did publish such a notice and the six months' period expired on December 22, 1928. The administratrix could not be compelled to pay any creditors until after such notice had expired, although she has the right to pay claims sooner, and she should not be criticized for making such payments as she did, as the only creditors were the doctor, the nurse and the necessary funeral expenses, etc. As the administratrix had personal knowledge of all these items, it was only necessary for her to draw from the savings bank such an amount as would satisfy these claims, if she desired to pay them. The balance she should have kept on deposit drawing interest in the savings bank.

It is the duty of an administrator to deposit the money which may come into his hands in a trust company or savings bank and on his failure or negligence so to do, it is proper to charge him with such interest as would have been earned had the deposit been made. No greater rate of interest should be charged however unless the administrator has been guilty of misconduct. (*Matter of Philp*, 29 Misc. 263; *Livermore* v. *Wortman*, 25 Hun, 341.)

The rule is well settled that executors and administrators are chargeable with interest if they have made use of the money themselves or have been negligent in not keeping the money invested so as to render it productive. (*Dunscomb* v. *Dunscomb*, 1 Johns. Ch. 508; *Brown* v. *Rickets*, 4 id. 303; *Kellett* v. *Rathbun*, 4 Paige, 102.)

" The law exacts of a trustee fidelity to his trust. If he is guilty of fraud or the mismanagement of the trust fund, or is guilty of a breach

of trust, * * * he may be compelled to pay interest. (*Price* v. *Holman*, 135 N. Y. 124, 133; *Matter of Woodbury*, 40 Misc. 143.)

A faithful servant will not keep money " laid up in a napkin " but will deposit it in a bank where it will draw interest. (Luke 19: 20–23: Mat. 25: 14–28.)

When it is a breach of duty for the representative to let money lie idle which with reasonable diligence, he could have invested and received interest, he should be charged on his accounting with the amount of the interest. (*Shuttleworth* v. *Winter* 55 N. Y. 624; *Matter of Bradley*, 1 Connoly, 106; *Matter of Childs*, 5 Misc. 560.)

In *Matter of Clark* (16 Misc. 405), cited by administratrix's attorney, the executor deposited the funds of the estate in a bank that paid interest until about three months before the estate was settled, when the bank notified the executor it would no longer pay nterest, and he then immediately filed a petition for the settlement of his accounts. In that case the court held that no extra interest should be charged against the executor.

But the rule is well sett ed that an executor or administrator is chargeable with interest if in the exercise of reasonable diligence interest could be earned by the estate funds. (*Matter of McKay*, 5 Misc. 123; *Matter of Babcock*, 9 N. Y. Supp. 554.)

In the case of *Matter of Sexton* (61 Misc. 569), cited by the attorney for the administratrix, it appears that the money kept in the bank without interest was only the sum of $279.37 after paying bills amounting to $13,224.91, and that the executor had told the contestant repeatedly that the money was in the bank ready to be paid out at any time demanded; in this case the court held that the executor should not be charged with interest. And an executor is not chargeable with interest on a checking account kept to meet necessary current expenses. (*Matter of Bielby*, 91 Misc. 353.)

But in the case at bar there were no current expenses and no valid reason has been given by the administratrix why this money should not have been left in the Oneida Savings Bank drawing interest at the rate of four per cent.

An executor or administrator who fails to invest or deposit funds as he might or should have done in the exercise of ordinary care and diligence with the assets, is chargeable with interest thereon. (18 Cyc. 257; *Blauvelt* v. *De Noyelles*, 25 Hun, 590; *Matter of Bradley*, 2 N. Y. Supp. 751.)

Therefore, the administratrix should be charged with interest at the rate of four per cent per annum on the sum of $2,356.79 from the 21st day of June, 1928, until the date of the decree of final settlement of this estate.

Let a decree be prepared in accordance with the foregoing decision.