GEORGE W. COLLAMER *v.* LEANDER HUTCHINS AND OTHERS.

*Partition of real estate. Jurisdiction.*

The county court have jurisdiction of a petition for partition of real estate, which descended
to the heirs of a deceased person, among whom it never was divided, where the petitioner
has bought out a part of said heirs and holds the estate in common with the others.

*Quaere,* Whether partition could be obtained upon application by such purchaser to the
probate court.

PETITION FOR PARTITION in pursuance of chapt. 43 of the
Compiled Statutes.

Leander Hutchins, one of the petitionees, plead to the jurisdiction, averring that a portion of the premises described in the petition was owned and possessed in fee by one William Hutchins, in his lifetime, and that he died so seized and possessed thereof, leaving six children, his heirs-at-law, one of whom was the said Leander, to whom said estate descended in equal proportions, the said William Hutchins having died intestate ;—that all the rest and residue of said premises was owned and possessed in fee by Sally Hutchins, the mother of the said Leander, who died seized and possessed thereof, leaving six children, her heirs-at-law, one of whom was the said Leander, to whom the said estate descended in equal proportions as tenants in common ;—that the interest in said estate so owned and possessed by the petitioner, as alleged in his petition, was acquired by purchase from three of the children and heirs-at-law of the said William and said Sally ;—that no division of said estate among said heirs had ever been made, but the title thereto was and had always been held in common by the owners thereof : and that by the laws of this state the probate court for the district of Washington, within which said estate was situated, and the said William and Sally resided at the time of their death, had the sole and exclusive jurisdiction of all petitions and proceedings for the partition and division of said estate among and between the owners thereof, and that the said probate court had assumed jurisdiction of the settlement of the estates of the said William, and Sally, and that letters of administration had been duly granted thereon, and accepted.

The petitioner replied that the said probate court had not the

sole and exclusive jurisdiction, and that the county court had jurisdiction, &c.

The county court, March Term, 1854,—POLAND, J., presiding, —decided, *pro forma,* that they had not jurisdiction to make partition of the premises, and that the petition be therefore dismissed. Exceptions by the petitioner.

*Heaton & Reed* for the petitioner.

*L. B. Peck* for the petitionee.

The opinion of the court was delivered by

BENNETT, J. This petition was dismissed for want of jurisdiction, and the only question is, had the county court jurisdiction to entertain this proceeding? The statute in relation to the partition of real estate, Comp. Laws, page 300, section 1st, enacts "that any "person having or holding real estate with others, as joint tenants, "tenants in common or coparceners may have partition thereof in "the manner hereinafter provided." The second section enacts that such person may apply to the county court, praying for a partition of any real estate so held as specified in the first section.

Collamer has bought out certain heirs to the estate of William Hutchins, and he now holds the estate in common with the other heirs who originally held the estate as coparceners. This seems to be a case where jurisdiction is expressly given to the county court by the statute, and if this is a case where partition upon the application of Collamer, (of which there may be some doubt,) could be compelled in the probate court, yet that jurisdiction cannot be *exclusive.*

The judgment of the county court is reversed and the cause remanded.