CHARLES T. COX *v*. CHAUNCEY INGLESTON.

*Administrator.   Probate Court.   Partition.*

If administration upon the estate of a deceased person has been closed, and the land surrendered to the heirs, or if enough time has elapsed since the death of the intestate (in this case thirty years has held to be sufficient) to show that the lands are not required for the purposes of administration, the heirs or their grantees being in possession, cannot be disturbed by the administrator.

The probate court has no authority to make a partition of the real estate, left by a deceased person, among the parties interested therein, when the estate is no longer in course of administration, and none of the original heirs retain any interest in the land.

EJECTMENT.   Plea, the general issue, and trial by the court, at the September Term, 1857,— KITTREDGE, J., presiding.

On trial the plaintiff proved that the defendant was in possession of one acre of the land described in his declaration.

It further appeared that Lucy Goodwin owned in her own right about thirty-five acres of land in Castleton, of which the premises declared for by the plaintiff were a part, and that she died in 1826, leaving a husband, David Goodwin, and three children, George D. Goodwin, Henry Goodwin, and Emeline A. Goodwin, the last of

whom married John Albright. After the death of Lucy Goodwin her husband, David Goodwin, occupied her land as tenant by the curtesy. Henry Goodwin died without issue in the lifetime of David Goodwin, who inherited his share of his mother's estate. David Goodwin married Mary Goodwin for his second wife, and died in 1855, leaving her his widow. George D. Goodwin, on the 16th of March, 1848, conveyed his share of the real estate left by his mother to Arunah W. Hyde, who still held the title thereto. John and Emeline Albright and Mary Goodwin, on the 16th day of May, 1856, quit-claimed to the defendant their interest in the acre of land occupied by him, and afterwards, on the same day, the said John and Emeline quit-claimed to the plaintiff their interest in all the land of which Lucy Goodwin died seized, except their interest in the acre of land deeded by them to the defendant.

In June, 1856, the estate of Lucy Goodwin never having been divided, upon application made at that time by Zimri Howe, administrator of her estate, the probate court for the district of Fairhaven appointed commissioners to divide the land left by her between the persons then interested therein, viz.: Arunah W. Hyde, David Goodwin's estate, the plaintiff and the defendant, in proportion to their respective interests. These commissioners, after notice to the parties in interest, divided the property and set out the shares of Hyde and of David Goodwin's estate upon portions of the land which did not include the premises in dispute in this action. The share set to the plaintiff included all of the acre of land occupied by the defendant, except one-third thereof which the commissioners assigned to the defendant by metes and bounds. This partition was accepted and established by the probate court. The defendant objected to the admission of the record of this division in evidence, but the objection was overruled.

The county court decided that the plaintiff was entitled to recover the two-thirds of the said acre of land, as set out to him by the commissioners, and rendered judgment accordingly.

Exceptions by the defendant.

*I. T. Wright* and *Briggs & Nicholson,* for the defendant.

*S. H. Hodges* and *E. Edgerton,* for the plaintiff.

Cox *v.* Ingleston.

The opinion of the court was delivered by

REDFIELD, Ch. J. In this case the plaintiff's title depends upon the effect of the proceedings in the probate court for partition. The ancestor deceased more than thirty years ago, and the estate has been in the possession of the heirs, their grantees, and descendants during the whole time. There is no ground to claim that after this lapse of time, the administrator could recover the land of the heirs. That is expressly decided in *Cushman* v. *Jordon,* 13 Vt. 597. The term there was sixty years, but thirty years is as effectual for this purpose as sixty. And in that case the heirs had been in possession of the estate less than fifteen years. But the case is put upon the ground that the executor or administrator has no claim to recover the lands belonging to the estate in possession of the heirs, except for the purpose of administering upon them, for the payment of debts and expenses. Whenever, then, the administration is closed and the lands surrendered to the heirs, or after such a lapse of time as to show that the lands are not required for the purposes of administration, the heirs or their grantees being in possession, cannot be disturbed by the administrator.

And we think that unless the executor or administrator has the actual possession of lands, or at least the constructive possession, by means of a legal seizin, the statute does not contemplate a proceeding in the probate court at the instance of the administrator or executor for the purpose of partition. It was held in a recent case, *Collamer* v. *Hutchins,* 27 Vt. 733, where the subject was a good deal discussed at the bar, that in such a case partition might be obtained in the county court. And the court there make a very distinct intimation that the probate court have no jurisdiction in regard to such a case.

And the further examination of the subject here has confirmed the impression that the statute has no reference to a case of this kind. The probate court have no general jurisdiction in regard to partition. It is only given them as an incident of settling the estate of deceased persons, and as the final step of the administration. And it seems to us inconsistent with the analogies of the law in regard to such proceedings, that the administrator should have the power to call the heirs into the court of probate to sub-

mit to a partition of their real estate, which shall definitely settle their relative interests, when he has no possession or control of the estate and no power by which he can obtain it.

It is, so far as we know, a universal principle in regard to all proceedings of these summary and exclusive jurisdictions, and where their judgments affect the *status* and title of the thing, that it should be within the jurisdiction of the court. A partition here in regard to lands in another state, although all the parties were before the court, could have no effect upon the title. But when an administration is closed, and the estate surrendered to the heirs, or there has been such a lapse of time that the administrator can not obtain or exercise any control over it, it seems very unreasonable that he should be allowed to have any agency in regard to a partition of the estate among the heirs. But if the probate court still retain any such jurisdiction, and have any power to make partition among the heirs, it must be concurrent with the county court jurisdiction on the same subject. If there be any such concurrent jurisdiction (which seems to us not very probable) between the county and probate court in regard to partition among heirs, it should, it would seem, be taken by the heirs themselves, and not through the instrumentality of an executor or administrator, who has no legal custody or control of the estate, and no proper agency or appropriate function in regard to it. This disposes of the partition in this case, as it was taken at the instance of the administrator.

And although the statute provides that the conveyance of the share of one of the heirs shall not deprive the probate court of the right to make partition in cases proper for their jurisdiction, it is obvious that an independent proceeding in the probate court, when the jurisdiction is made in terms to depend upon the fact of the joint owners being heirs to an estate in process of settlement, could not, with any propriety, be taken upon that ground after all the shares had passed out of the heirs of the estate, either by grant, devise, or descent, which is the present case. Neither the words or the general purpose of the statute can be made to extend to such an estate after it has passed from all the heirs, and is no longer under the control of the administrator or executor, however it might be while it was in the process of settlement in the

probate court. In such a case, possibly, that court might make partition where the interest of all the heirs had passed. But where both facts concur that is, the estate is no longer in course of administration, and none of the original heirs retain their interest in the land, we think it very obvious the probate court have no jurisdiction to make partition.

The judgment of the county court is reversed and the case remanded.