1. **TEMPORARY ADMINISTRATOR—DEPOSIT OF MONEYS.**
   It is the duty of a temporary administrator to deposit moneys which may come into his hands in a trust company, and, on his failure to do so, he is chargeable with such interest as a trust company would have paid, had the deposit been made.

2. **SAME—INSUFFICIENCY OF ASSETS.**
   Where the personal estate of a decedent in the hands of a temporary administrator is insufficient to pay his debts, the fact that his real estate would sell for enough to make up the deficiency does not justify such administrator in paying a creditor the whole amount due him.

3. **SAME—LIABILITY.**
   Where a temporary administrator has paid a creditor more than a pro rata share of the available assets of the estate, he is chargeable with amount paid above such pro rata share, and interest thereon at such rate as would have been earned if the money had been deposited in a trust company.

4. **SAME—RELATION TO ADMINISTRATOR IN CHIEF.**
   The provisions of Code, § 2743, relating to a decree for distribution after an accounting by an administrator, do not apply to an accounting by a temporary administrator, but a temporary administrator holds the funds as a custodian merely, and, upon the settlement of his account, must pay any balance in his hands to the administrator in chief.

In the matter of the estate of James Philp, deceased. Judicial settlement of the account of a temporary administrator.

Daniel Daly, for accountant.
Wells & Andrews and Edward V. Thornall, for contestants.

VARNUM, S. This is one of the matters that remained undecided by Surrogate ARNOLD, and has now come before me for final disposition. The account of the temporary administrator has been made the subject of protracted litigation, and the record is consequently very voluminous. The learned referee holds that the account should be surcharged with various items, aggregating $18,-348.23, and he also charges the accountant with legal interest to the extent of $4,518.43 on certain of these items. It is the duty of the temporary administrator to deposit the moneys which may come into his hands in a trust company, and on his failure or neglect so to do it is proper to charge him with such interest as would have been earned had the deposit been made. No greater rate of interest should be charged, however, unless the administrator has been guilty of misconduct. Livermore v. Wortman, 25 Hun, 341. There is no evidence that the accountant herein acted in bad faith in making any of the payments with which he is now charged, and, under the rule stated, he should not, therefore, be compelled to

pay more than trust company interest. It appears that the temporary administrator, without permission of the court, and on his own responsibility, paid a number of unpreferred claims against the estate, amounting to $7,925.04, and also paid two notes given to take up certain debts of the decedent in the sum of $4,088.81, described as the notes of Mrs. Philp. These sums are included in the surcharges made by the referee. As a matter of fact, the debts so paid were just ones, and in all probability the court would have permitted them to be liquidated in whole or in part, as the condition of the estate would have warranted. This being the case, the payments in question, if not excessive, could be ratified. It seems, however, that the personal property in the hands of the accountant was insufficient to pay the debts in full. The accountant attempts to justify his conduct by showing that the real estate of the decedent would, if sold, easily make up the deficiency, and leave a surplus besides. But this fact does not help him, as he has no right to look beyond the personalty. Hence, at most, he would only have been permitted to pay such an amount upon the debts he satisfied in full as would have been their pro rata share of the assets applied to the payment of the entire indebtedness, including, not merely the claims presented to him, but such, also, as have been presented to the administratrix in chief; no publication for claims by the accountant having been made. The payment of so much of the said total sum of $12,013.41 as would have equaled the dividend applicable to the claims and notes paid in full, calculated on the basis indicated, will be ratified; and, so far as concerns the balance remaining, the temporary administrator's account is surcharged therewith, with interest at trust-company rates. If the parties cannot agree on the figures necessary to carry out these directions, the matter will be sent to a referee, so that the proper sums to be employed may be ascertained. The account, in my opinion, should be restated, so that the temporary administrator should stand charged with the balance as shown by the account, plus the amounts surcharged by the referee, namely, $18,348.23 (including the $12,013.41), and interest, calculated at trust-company rates, as above directed. He should be credited with such portion of the said sum of $12,-013.41 as I have allowed. This is the proper manner of adjusting accounts in such cases (Johnson v. Corbett, 11 Paige, 265), and it has been held to apply to temporary administrators (In re Eisner, 5 Dem. Sur. 383). The referee finds that the decree should direct the accountant to pay the debts of the contesting claimants, as well as those of other creditors. In my opinion, this would not be a proper direction. A temporary administrator holds the funds intrusted to his hands as a custodian merely, and, upon the settlement of his account, he should be directed to pay any balance in his hands to the executor or administrator in chief, to be distributed in the course of administration. The provisions of section 2743 of the Code of Civil Procedure have no application to the case of an accounting by a temporary administrator. The balance found to be in the hands of the accountant after the account is restated should be directed by the decree to be turned over to the admin-

istratrix. The question of whether the accountant should be personally charged with costs, and deprived of his commissions, will be taken up when the decree to be entered is presented for settlement.

The report of the referee, except as herein modified, will be confirmed, and the exceptions thereto, except such as are herein sustained, are overruled. Decreed accordingly.