"Wells Bros. Company," a concern interested in the defendant company, and procured the money. Subsequently the check was drawn, signed by the plaintiff, who was treasurer of the defendant company, and by De Beck, the president, addressed and mailed to Wells. How or in what manner the plaintiff became possessed of the check does not appear. So far as the defendant is concerned, there was no lack of consideration for the check. Wells had paid it the money. He could dispose of the check in any way he saw fit, by gift or otherwise, and the defendant cannot complain. Payment of the check by the defendant under the circumstances disclosed by the testimony here is ample protection to it, and showing a lack of consideration passing between Wells and the plaintiff is of no avail to the defendant.

As to the defense of the plaintiff not being the real party in interest, such a defense is an affirmative one, and must be pleaded. Spooner v. D., L. & W. R. R. Co., 115 N. Y. 22, 30, 21 N. E. 696; Fourth Nat. Bank v. Mahon, 38 App. Div. 198, 199, 56 N. Y. Supp. 566.

Judgment affirmed, with costs. All concur.

---

In re GOETZ.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

1. ADMINISTRATORS—DUTY TO ACCOUNT—JURISDICTION OF COURTS.

Where a temporary administrator's authority is at an end, but he has not accounted, it is his duty to account to the Surrogate's Court which appointed him; and although the Supreme Court has concurrent jurisdiction, it will not exercise its jurisdiction, where the Surrogate's Court has full and complete jurisdiction.

2. SAME—PROPERTY TO BE INCLUDED—TEMPORARY ADMINISTRATOR.

Code Civ. Proc. § 2675, provides that when a temporary administrator is appointed, and a proceeding is pending for the probate of a will of real property, etc., the order appointing him may confer upon him authority to take possession of real property and to receive the rents and profits thereof. Held, that during the probate of the will, where the administrator has no power to collect the rents, the temporary administrator is not obliged to account to him for the same.

3. WILLS—ACTIONS TO CONSTRUE—RIGHT OF ACTION—PARTIES.

A temporary administrator has no standing to maintain an action in the Supreme Court for the construction of a will; he having no authority to distribute the estate, but only to preserve it, and to account therefor to the court by which he was appointed, and it does not appear that there are any conflicting claims in regard to the fund in his hands, or that he would not be protected by paying over the fund to the administrator.

Appeal from Surrogate's Court.

Proceedings in the matter of the estate of Peter Goetz, deceased. From an order of the Surrogate's Court, dismissing the petition of Frederick Goetz, individually and as administrator with the will annexed of Peter Goetz, deceased, to require Willis B. Dowd, as temporary administrator with the will annexed, to render and settle his accounts as administrator, Goetz appeals. Reversed and remanded, with directions to modify.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William R. Shepard (Evarts L. Prentiss, on the brief), for appellant.

William W. Mumford, for respondent.

LAUGHLIN, J. No executor was appointed by the will of the decedent. Pending the application for the probate of the will, the temporary administrator with the will annexed was appointed on the 20th day of December, 1905. The petitioner is the heir at law and next of kin of the decedent. He was appointed administrator on the 17th day of August, 1906. The decedent left a large amount of personal estate and two parcels of real estate situated in the county of New York. Pursuant to the provisions of section 2675 of the Code of Civil Procedure, the surrogate, in appointing the temporary administrator, duly authorized him to collect the rents of the real estate of the decedent. The appointment of the petitioner as administrator with the will annexed terminated the authority of the temporary administrator. Code Civ. Proc. § 2670; In re Lewis, 17 Wkly. Dig. 311; Matter of Choate, 105 App. Div. 356, 94 N. Y. Supp. 176; Matter of Storm, 84 App. Div. 552, 82 N. Y. Supp. 731. The temporary administrator collected rents on account of the real estate, aggregating the sum of $2,083.30, which accrued subsequent to the death of the testator. Of this amount he disbursed by order of the Surrogate's Court, likewise made pursuant to the provisions of section 2675 of the Code of Civil Procedure, the sum of $781.95, leaving a balance of $1,301.35 in his hands. The temporary administrator also had in his hands personal property of the estate of the value of $20,000. He interposed an answer to the petition for the accounting in which he alleged, in substance, that he is advised that the residuary devise under which these parcels of real estate are devised, if at all, is invalid, in that an attempt to devise the same for charitable purposes, was made, which cannot be rendered effective unless the Supreme Court exercises the authority conferred upon it by chapter 701, p. 1748, of the Laws of 1893, with respect to carrying into effect charitable trusts where there is indefiniteness or uncertainty as to the beneficiary, or where no trustee has been appointed to execute the trust, and that therefore he had brought an action in the Supreme Court for the construction of the will, with a view to determining who is entitled to the rents of the real estate, and also for an accounting as to the personalty.

The learned counsel for the appellant very properly questions the sufficiency of the answer upon the grounds that it fails to show that the action in the Supreme Court was commenced before this proceeding was instituted, in that it fails to show that the summons had been served upon any defendant, and also fails to show that the action has been commenced as against the petitioner. See Hart v. Hart, 86 App. Div. 236, 83 N. Y. Supp. 897. But, since we are of opinion that the pendency of an action in the Supreme Court brought by the respondent for such purpose is no defense to an application to require him to account in the Surrogate's Court, our decision need not rest upon technical grounds. The learned surrogate dismissed the proceeding upon the theory that the Supreme Court had acquired and assumed

104 N.Y.S.—53

jurisdiction, not only over the disposition of the rents, but for the purpose of a general accounting as to the personalty. With respect to the general accounting, no special facts or circumstances are shown for the exercise of jurisdiction by the Supreme Court. It is well settled that the Surrogate's Court is not only the statutory tribunal for accountings by administrators and executors who are there appointed and give, or may be required to give, bonds to account to that court (section 2664, Code Civ. Proc.), but that it is the appropriate tribunal, and that, while the Supreme Court has concurrent jurisdiction, it will not exercise its jurisdiction where the Surrogate's Court has full and complete jurisdiction in the premises. Bushe v. Wright (App. Div., March, 1907) 103 N. Y. Supp. 410. As already observed, the temporary administrator's authority is at an end; but he has not accounted, and it is his duty to account to the Surrogate's Court which appointed him, and he will then be directed to turn over the personal property in his hands to the petitioner, who is entitled to the possession and to make distribution. Code Civ. Proc. § 2726; Matter of Philp, 29 Misc. Rep. 263, 61 N. Y. Supp. 241; Redfield's Surr. Prac. § 422.

I am of opinion, however, that the petitioner is not entitled to have the temporary administrator account to him for or pay over to him the rents of the realty. In many of the states, apart from any authority conferred by the will or by the consent of the heirs or the devisees, the executor or administrator is authorized to take possession of the real estate and collect the rents, pending the settlement of the estate, for the protection of the rights of creditors, to the end that, should it be necessary to draw on the real estate to pay the debts, the rents thus collected may render a sale of the realty unnecessary, and it would insure the appropriation of all the real estate to the payment of the claims of creditors, should that become necessary. Kline v. Moulton, 11 Mich. 370; Washington v. Black, 83 Cal. 290, 23 Pac. 300; Cox v. Ingleston, 30 Vt. 258. In this state, however, that rule does not prevail, and there is no statute conferring upon administrators or executors authority to take possession of the realty and collect the rents, with a view to appropriating the same to the payment of the debts of the decedent. Such was not the purpose of the Legislature in enacting section 13, c. 359, p. 829, of the Laws of 1870, from which section 2675 of the Code of Civil Procedure originated. That chapter related to the Surrogate's Court in the county of New York, and section 13 provided that, where the probate of a will relating to real estate was contested in the Surrogate's Court in the county of New York, the court should have power "to appoint some suitable person as receiver of such real estate, pending the contest. Such receiver shall have and possess the same power and authority and shall be required to give the same security as if appointed by any other court of competent jurisdiction." Throope's note to section 2675 and to the article in which the same is contained shows in effect that the section is founded on the statute of 1870, and that its purpose is the same; it being merely extended throughout the state, and the title of the office changed, and authority conferred to make necessary disbursements to preserve the

property from waste. No authority to collect rents is conferred upon an executor or administrator. It is manifest, therefore, that what the Legislature had in mind in enacting this section conferring such authority upon a temporary administrator was, not to impound the rents with a view to applying them to the payment of the decedent's debts, should that become necessary, but to have the rents collected and preserved for the persons entitled thereto during the contest over and probate of a will, where conflicting claims to the rents were or might be made by heirs and devisees, and where the tenants might on that account refuse to pay, and no one might take sufficient interest or assume the responsibility of keeping the premises in repair. It is plain, therefore, I think, that the powers and duties of the temporary administrator with respect to the personal property and with respect to the realty are separate and distinct, as is also his duty with respect to accounting therefor. It is evident that as temporary administrator the respondent has no standing to maintain an action for the construction of the will. He has no authority to distribute the estate, but only to preserve it and account therefor to the court by which he was appointed, excepting that he may pay out rents as directed by the surrogate under the statute, as already seen. Redfield's Surr. Prac. (6th Ed.) § 412; Schouler on Ex'rs and Adm'rs (2d Ed.) §§ 135–265; Adair v. Shaw, 1 Sch. Lif. (Irish R.) 254; Powell v. Demming, 22 Hun, 235.

The only possible theory upon which he could maintain an action in the Supreme Court is to determine conflicting claims to this fund in his hands, consisting of the rents collected by him, which would be an action in the nature of interpleader. Morse v. Stearns, 131 Mass. 389. It is evident that he should not be permitted to maintain such an action, if he can be discharged from liability and the obligation of his surety be canceled by accounting to the Surrogate's Court and paying the fund into court or to the party entitled thereto. It does not appear that any conflicting claims have been made to this fund, nor is it apparent that he would not be protected by paying the fund over to the petitioner. If the residuary clause of the will be invalid, then the petitioner is entitled to the real estate and all of the rents, issues, and profits thereof; and if the charitable devise be sustained, still the petitioner takes one-half the realty as the heir of his father, and he and his wife become entitled to all of the income for life, and he becomes a tenant in common with the beneficiary of the devisee under the will, which, although in terms embracing the entire residuary estate, is limited to one-half by the provisions of chapter 360, p. 607, of the Laws of 1860. Jones v. Kelly, 170 N. Y. 401, 63 N. E. 443. However, I am of opinion that the temporary administrator can obtain a complete discharge of his liability, which will terminate the liability of his surety as well, by accounting to the Surrogate's Court for this rent. In form, he is required to qualify, and presumably has qualified, like an administrator (Code Civ. Proc. § 2670); and he was, therefore, required to give a bond conditioned that he would faithfully discharge the trust and obey all lawful decrees of the Surrogate's Court (Code Civ. Proc. § 2664). He obtained his authority under the order of the Surrogate's Court and even though the Surrogate's Court may not have authority to decide conflicting claims

to this fund—a question which need not now be decided—I think he, as an officer of the court, is entitled to account to it, and pay the money into court, and obtain a discharge, and leave the question as to who is entitled to the fund in abeyance, if necessary, until a claim is made therefor, as in case of other moneys paid into court.

The authority of the Surrogate's Court to require him to account is not limited to the personal property but is unlimited as to his trust. Code Civ. Proc. § 2726, subd. 4. Formerly the Surrogate's Court had authority to distribute the surplus proceeds of real estate sold by order of the surrogate for the payment of debts of a decedent, not required for the payment of the debts, among the heirs and devisees (section 2793, Code Civ. Proc., repealed by chapter 750, p. 1907, Laws of 1904), and I presume the like authority still continues under the substituted statutory provisions requiring the application of the proceeds of sale, the same as if the sale were by an executor under a power of sale (Code Civ. Proc. § 2761); for the Surrogate's Court has jurisdiction to require an executor to account and to distribute the proceeds of such a sale (Code Civ. Proc. § 2726, subd. 4). Whether by analogy like authority is vested in the surrogate as incident to his authority to appoint a temporary administrator and authorize him to collect rents, or not, need not now be decided. The point essential to this decision is that the temporary administrator should account to the petitioner in the Surrogate's Court for the personal estate; but whether the surrogate shall require him to account for the rents and direct that they be paid into court, or to the person entitled thereto, or allow that question to stand until the fate of the action in the Supreme Court is known, is a matter resting in the discretion of the surrogate and concerning which I think no suggestion should be made at this time.

It follows that the order should be reversed, and the application granted, to the extent of requiring the temporary administrator to account in the Surrogate's Court for the personal estate, with $10 costs and disbursements to the appellant, to be paid out of the fund in the hands of the temporary administrator. All concur.