---

(175 App. Div. 688)

## In re DURBAN.

## In re DURBAN'S WILL.

(Supreme Court, Appellate Division, Second Department. October 6, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⊚⇒22(1)—PROBATE OF WILL—LETTERS OF ADMINISTRATION.

    Before a will was admitted to probate, the executor named therein was appointed temporary administrator. On probate of the will, he received

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

160 N.Y.S.—60

the usual letters testamentary, but on appeal the decree was reversed. Code Civ. Proc. §§ 2555, 2624, respectively declare that on the entry of a decree revoking letters issued to an administrator, his powers cease, and that where after letters of administration on the ground of intestacy have been granted, the will is admitted to probate, and letters are issued thereon, the decree granting the probate must revoke the former letters. *Held*, that the reversal of the decree admitting the will to probate did not revive the appointment of the original executor as temporary administrator, particularly as such revival might expose the sureties on the temporary administrator's bond to loss, and he might act for a considerable time without additional sureties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 116, 123–125; Dec. Dig. ☞22(1).]

2. EXECUTORS AND ADMINISTRATORS ☞22(3)—TEMPORARY ADMINISTRATOR—NOTICE.

Under Code Civ. Proc. § 2602, relating to notice upon appointment of a temporary administrator, attorneys of rival parties who had already appeared and who were without the county wherein the administration was had, as well as a special guardian, who was also without the county, are not entitled to notice; a temporary administrator being in the nature of a caretaker of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 126, 127; Dec. Dig. ☞22(3).]

3. EXECUTORS AND ADMINISTRATORS ☞22(2)—TEMPORARY ADMINISTRATION—APPOINTMENT.

In view of Code Civ. Proc. §§ 2588, 2596, respectively relating to persons entitled to letters of administration, and to the appointment of temporary administrators, where delay occurs in the granting of letters testamentary, or of letters of administration, the Surrogate's Court may, where there is a contest between those propounding the will and those attacking it, appoint a stranger as temporary administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 117–122; Dec. Dig. ☞22(2).]

Appeal from Order of Surrogate, Richmond County.

In the matter of the contested will of Martha E. Durban, deceased. From an order appointing John A. Lynch, a stranger, as temporary administrator, and an order denying a motion to vacate the order, rival petitioners for administration appeal. Affirmed.

See, also, 158 N. Y. Supp. 1114.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Before the surrogate of Richmond county had admitted this will to probate, he appointed, as temporary administrator, Mr. Apel, the executor named in the will. On probate of the will Mr. Apel received the usual letters testamentary. This court, however, reversed the decree probating the will, and directed a new trial (158 N. Y. Supp. 1114). Thereafter Mrs. Richter, the next of kin, petitioned to be appointed temporary administrator, and a like petition was made by Mr. Apel. The surrogate wrote, asking the respective attorneys for these rival petitioners to present orders, which they did. He, however, appointed Mr. John A. Lynch, a stranger, as temporary administrator. A motion was made to vacate this order, which was denied. From the order of appointment, dated May 27, 1916, and from the order denying the motion to vacate, dated September 12, 1916, appeals have been taken.

Alexander S. Bacon, of New York City, for appellants.
Nathan Schwartz, of New York City, for proponent.
Charles B. Dullea, for respondent John A. Lynch.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PUTNAM, J. [1] The first ground raised here is that Mr. Apel's original appointment as temporary administrator revived on reversal of the probate, and hence there was no vacancy to be filled. I think this is unsound (Matter of Choate, 105 App. Div. 356, 94 N. Y. Supp. 176; see section 2555, Code of Civil Procedure), and the confirmation of this view appears from the fact that all parties have acted on the firm idea that a vacancy existed to be filled. Section 2624 of the Code of Civil Procedure, to the effect that a decree of probate must revoke former letters of administration, is only declaratory. If the probate decree should not say that the temporary letters are revoked, it is nevertheless plain that such temporary letters have been superseded.

Furthermore, for the protection of sureties on a temporary administrator's bond, that office should be regarded as terminated, and the appointee as functus officio, upon the issue of regular letters. Otherwise a probate contest might continue extending over the period of an appeal to the Court of Appeals; and, on reversal, appellants' theory would restore the authority and rights to custody of a temporary administrator, possibly without additional security.

[2, 3] The other ground insisted on is that a stranger had been needlessly put into control, although Mr. Apel stood ready to act without further fees. But this liberality of Mr. Apel was a belated offer, not announced till June 5th, a week after Mr. Lynch had been appointed.

It is urged that the attorneys did not have proper notice. A temporary administrator is to meet an exigency calling for a conservator. Hence there are more elastic requirements as to service. If the attorneys who have already appeared are without the county, the surrogate may dispense with any notice to them. Section 2602. Here are concerned two attorneys in Kings county, and one with an office in New York county, where is also the special guardian. Hence none could demand notice as matter of right. Having before him two rival petitions, the surrogate could name a temporary administrator, and even choose one not "interested" (as appears from the contrasting wording of sections 2588 and 2596 of the Code of Civil Procedure), for such an ad interim office, rather than to give to either competitor the advantage of possession.

I advise: Orders of the Surrogate's Court of Richmond County affirmed, without costs. All concur.