Matter of the Estate of FREDERICKA C. HAAG, Deceased.

(Surrogate's Court, Bronx County, May, 1917.)

Accounting — by temporary administrator after qualification of executor — who should be cited.

Upon a motion for an order directing a temporary administrator to deliver the personal property in its possession to the executor of the will in a matter in which there was a very large number of legatees and many of them non-residents, *held,* that the appointment of an executor terminated the authority of the temporary administrator; that the latter should have an opportunity to have its accounts judicially settled,

determined and made binding upon all parties by a judicial decree; that upon such accounting it is not necessary to cite any of the beneficiaries named in the will and that the only person necessary to be cited is the executor; and that the executor is in fact a trustee for the beneficiaries under the will and as such represents them, and his action, in the absence of fraud or collusion, is binding upon them.

MOTION to direct a temporary administrator to deliver personal property to the executor subsequently appointed.

Harold S. Walton, for motion.

Davies, Auerbach & Cornell, opposed.

SCHULZ, S. The petitioner prays for an order directing a temporary administrator, appointed pending the probate of the last will and testament of the decedent, to deliver the personal property in its possession to the executor of the will. Counsel for the corporation, the temporary administrator, stated that it was willing to deliver the property, but wished to withhold a sufficient sum to cover commissions and expenses incurred and necessarily to be incurred, and claimed the right to have its accounts judicially settled. Upon that settlement it urges that the parties to be cited are the beneficiaries under the will. There is a very large number of legatees, and many of them are residents of Germany, and the expense and difficulty of serving them would be great. The appointment of an executor terminated the authority of the temporary administrator. *Matter of Goetz,* 120 App. Div. 10, and cases cited; *People ex rel. Avery* v. *Purdy,* 155 id. 607, 611; affirmed without opinion, 209 N. Y. 575. I believe that the temporary administrator should have an opportunity to have its accounts

judicially settled, determined and made binding upon all of the parties by a judicial decree, and this has the support of authority. *Matter of Philp,* 29 Misc. Rep. 263; Jessup & Redf. Surr. Pr., § 576; *Matter of Goetz, supra.* I am of the opinion, however, that upon such an accounting it is not necessary to cite any of the beneficiaries named in the will, and that the only person necessary to be cited is the executor. The executor acts in a representative capacity. He is in effect a trustee for the beneficiaries under the will. As such trustee he represents the beneficiaries and his action in the absence of fraud or collusion is binding upon them. *Matter of Straut,* 126 N. Y. 201; *Fisher* v. *Banta,* 66 id. 468, 481. The application will therefore be granted to the extent of requiring the temporary administrator to deliver to the executor the property and moneys in its hands belonging to the decedent, after deducting such an amount as it deems reasonably sufficient to cover its commissions, expenses and disbursements and to be accounted for by it and fixed by the decree of the court. Settle order on notice. The temporary administrator should within ten days after the service of a copy of the order to be entered hereon and notice of entry file its accounting as such temporary administrator and proceed to settle the same, limiting the issuance of a citation to the executor of the will of the decedent. If such account is not thus filed, the executor may apply for further relief.

Decreed accordingly.