Matter of the Estate of SAMUEL G. DAYTON, Deceased.

(Surrogate's Court, Bronx County, July, 1917.)

Accounting — judicial settlement of temporary administrator — executors and administrators — service of citations — appeal — Code Civ. Pro. §§ 2557, 2560.

Upon the issuance of letters testamentary the temporary administrator becomes *functus officio* and its power, except to account and pay over and deliver the property in its hands to the executor, ceases.

Where after the issuance of letters testamentary an appeal is taken from a decree of probate, no decree can be entered judicially settling the accounts of the temporary administrator where the executor is the only person served in the proceeding, as by the appeal he is precluded from acting for the estate unless an order is obtained under section 2557 of the Code of Civil Procedure.

If the facts warrant the order referred to in section 2560 of said Code application therefor should be made and, if granted, a supplemental citation must be issued to the executor before a decree can be made in the matter of the accounting of the temporary administrator; if the facts do not warrant the application for such an order the accounting should be deferred until final determination of the appeal.

PETITION for judicial settlement of the accounts of a temporary administrator.

Davies, Auerbach & Cornell, for temporary administrator, petitioner.

Charles P. Hallock, for next of kin, respondents.

John A. Holzapfel, for executor, respondent.

SCHULZ, S. Pending a contest of the alleged will of the decedent a temporary administrator was appointed. The decree admitting the will to probate was entered on May 5, 1917. Thereafter, and on May seventh, letters testamentary were issued to the executor named therein, and on June 1, 1917, an appeal was taken by some of the heirs at law and next of kin. This appeal is as yet undetermined. Upon the issuance of letters testamentary the temporary administrator became *functus officio* and its power ceased (*Matter of Choate,* 105 App. Div. 356; *People ex rel. Avery* v. *Purdy,* 155 id. 607; affd., 209 N. Y. 575; *Matter of Goetz,* 120 App. Div. 10; *Hastings* v. *Tousey,* 123 id. 480; *Matter of Durban,* 175 id. 688), except to make an account of its proceedings and to pay over and deliver the property in its hands to the executor. *Matter of Philp,* 29 Misc. Rep. 263; Jessup & Redfield Surr. Pr. § 576; *Matter of Goetz, supra.* The temporary administrator subsequently to the appeal stated filed its account and prays for a settlement thereof, and has cited the executor named in the will, as aforesaid. Upon the return of the citation counsel for two of the heirs at law and next of kin, not cited, appeared and interposed a joint affidavit verified by the latter, urging that the functions of the executor are suspended and stayed pending said appeal, and that the accounting proceeding should be stayed until the final determination thereof. Section 2557 of the Code of Civil Procedure, so far as material, provides as follows: " * * * An appeal from a decree of a surrogate admitting a will to probate, * * * does not stay the issuing of letters where, in the opinion of the

surrogate manifested by an order, the preservation of the estate requires that the letters should issue." Section 2560 of the Code, so far as material, provides: " * * * When letters testamentary * * * have been issued in accordance with an order of the surrogate, as authorized in section 2557 of this act, such letters so issued confer upon the person named therein all the powers and authority, and subject him to all the duties and liabilities of an executor or administrator in an ordinary case, except that they do not confer power to sell real property by virtue of a provision in the will, or to pay or to satisfy a legacy, * * * until after the final determination of the appeal; and in case letters shall have been issued before such appeal, the executor or administrator, on a like order of the surrogate, may exercise the powers and authority, subject to the duties, liabilities and exceptions above provided." Where, therefore, the notice of appeal is served after the issuance of letters, the surrogate must be of the opinion that the preservation of the estate requires such exercise and must manifest such opinion by an order before the executor may exercise the powers and authority, limited as provided in section 2560, and if such an order is not made, then the executor is stayed from exercising his power or authority. *Matter of Choate, supra; Matter of Place,* 5 Dem. 228. At the time when the executor was made a party to this proceeding, and the citation was served upon him, he was thus stayed by the appeal and could not exercise his authority without obtaining the order referred to in section 2557. If such appeal had not been taken, or if the order had been made, I am of the opinion that he would have been the only party necessary to be cited in this proceeding. *Matter of Haag,* 100 Misc. Rep. 249. As he is the only person who was served in this proceeding, and as his standing

depends upon his right to exercise the power and authority vested in him as executor, and as he could not act for the estate by reason of the stay due to the appeal no decree can be entered upon the accounting at this time. If the facts warrant the order referred to in section 2560 of the Code, application should be made for the same, and if it is granted a supplemental citation must be issued to the executor before a decree can be made. If the facts do not warrant an application for the order in question, the accounting should be deferred until the appeal is determined. The contention of the heirs at law and next of kin, that if the decree directs delivery of the assets in the hands of the temporary administrator to the executor the latter might make distribution, is not tenable, the language of section 2560 of the Code being clearly to the contrary.

Decreed accordingly.