Matter of the Estate of CHARLOTTE Y. ACKERMAN, Deceased.

(Surrogate's Court, New York County, April, 1918.)

Jurisdiction — of Surrogate's Court — contracts — inspection of contents of safe deposit box — executors and administrators — transfer tax — motions and orders.

While the Surrogate's Court has no jurisdiction or power over a contract made by temporary administrators for the rent of a safe deposit box, an order may be granted permitting an inspection of the contents of the box by the executor and transfer tax appraiser in the presence of an officer of the safe deposit company, with direction that nothing be removed from the box.

APPLICATION by executor for an order directing the Lincoln Safe Deposit Company to allow petitioner

access to a safe deposit box standing in the name of the estate of testatrix.

Arthur Knox, for executor.

Samuel Hoff, for Lincoln Safe Deposit Company.

FOWLER, S. This is an application by the executor of the last will and testament of Charlotte Y. Ackerman for an order directing the Lincoln Safe Deposit Company to allow the petitioner access to the safe deposit box standing in the name of the estate of testatrix '' at all reasonable times.''

The facts are as follows: The testatrix died and, the probate of her will having been contested, the petitioner and James Young Brush were appointed temporary administrators. They deposited certain jewelry and personal property belonging to the estate in a safe deposit box in the Lincoln Safe Deposit Company. Indorsed on the contract of letting of the safe deposit box was the following agreement: '' 3 to be present for access. Both tempor. administrators when accompanied by a representative of Fidelity & Deposit Co. of Maryland.'' On November 10, 1917, the will of testatrix was admitted to probate and letters testamentary were issued by this court to the petitioner herein, who is now acting as sole executor. Proceedings are pending to fix the amount of the transfer tax due, and an inspection of the contents of the safe deposit box is desired by the appraiser. James Young Brush has refused to attend upon the opening of the safe deposit box or to sign any waiver or other paper consenting to the opening of the same in his absence or to a change in the records of the safe deposit company with respect to the requirements as to the opening of the box. The safe deposit company declines

to permit the opening of the box unless there is a compliance with the terms of the letting, claiming to be bound by the agreement in the absence of an accounting by the temporary administrators, or an order of this court directing the temporary administrators to transfer the property in their possession to the executor.

Although the cases are not altogether in harmony, it is clear that to some extent, at least, a safe deposit company stands in the relation of bailee respecting the property deposited in its rented safes. *National Safe Deposit Co.* v. *Stead,* 232 U. S. 58; *Roberts* v. *Stuyvesant Safe Deposit Co.,* 123 N. Y. 57; *Lockwood* v. *Manhattan S. & W. Co.,* 28 App. Div. 68; *People* v. *Mercantile Safe Deposit Co.,* 159 id. 98. The contract, however, is one between the safe deposit company and the temporary administrators, and this court has no jurisdiction or power to interfere. It has been the practice of this court upon application of interested parties to sign orders permitting the inspection of safe deposit boxes held in the name of a deceased person in the presence of an officer of the safe deposit company and a representative of the state comptroller for the purpose of discovering a will, but the order so granted prohibits the removal of any article from the box except a will, if one be found, in which event the safe deposit company is ordered in each instance to deposit the same in this court. I have always questioned the power of the surrogate to grant an order such as the one referred to or his power to compel the inspection so permitted by order in case of the refusal of the safe deposit company to comply therewith; but however that may be, the practice has continued. It makes for the convenience of those interested in the estates of deceased persons and at the same time fully

Surrogate's Court, New York County, April, 1918. [Vol. 103.

protects the safe deposit company by leaving the contents of the safe deposit box undisturbed.

The authority of the temporary administrators ceased upon the issuance of letters testamentary to the petitioner herein (*Matter of Goetz,* 120 App. Div. 10; *Matter of Eisner,* 5 Dem. 383), and letters testamentary having issued the temporary administrators should account and turn over the property to the executor. *Matter of Philp,* 29 Misc. Rep. 263. There seems, however, to be some difficulty between the two administrators herein, which rather precludes their acting in harmony. Such a state of affairs should not in justice hamper the sole executor in the orderly administration of the estate. The relief sought will not be granted, but for the convenience of the executor and the appraiser I will sign an order permitting an inspection by them of the safe deposit box in question in the presence of an officer of the Lincoln Safe Deposit Company, with the further provision in the order, however, that nothing be removed therefrom.

Decreed accordingly.