In the Matter of Proving the Last Will and Testament and Codicil of ANDREW F. KENNEDY, Deceased, as a Will of Real and Personal Property.

First Department, January 31, 1919.

Executors and administrators — when executors enjoined from acting under letters testamentary pending appeal — when appeal from decree admitting will to probate or granting letters does not stay issuing of letters — when order that preservation of estate requires that letters should issue granted — general letters — restrictive letters — effect of perfected appeal — effect of issuance of letters testamentary upon temporary administrator.

Where an appeal was perfected and the notice of appeal served on the executors and the attorney for the proponents on the same day after letters testamentary were issued, and it appeared that there was a devise of certain real estate, the rents of which amounted to a substantial sum, that the devisees are not shown to be of financial responsibility, and that the executors are not required to give bonds, a motion for an order restraining the executors from acting under the letters testamentary issued to them pending the appeal and continuing the management of the estate by temporary administrators should be granted, even though the decree entered by the surrogate establishing the will contained the words " the surrogate being satisfied on the argument that the preservation of the estate requires that the letters should issue."

The addition of such words was mere surplusage and has no effect whatsover except to show the intention of the surrogate, if possible, to forestall and, so far as the administration of the estate is concerned, to render nugatory the effects of a stay.

Under section 2557 of the Code of Civil Procedure, providing that " An appeal from a decree of the surrogate admitting a will to probate or granting letters testamentary * * * does not stay the issuing of letters where, in the opinion of the surrogate manifested by an order, the preservation of the estate requires that the letters should issue," " an order " is only required where the appeal is taken prior to the issuance of the letters and the stay operating by virtue of the perfected appeal would leave the estate without any one charged with the power or duty of conserving the assets.

Letters testamentary issued under a decree before a notice of appeal is served are general letters, while letters issued after appeal pursuant to the order are restrictive letters.

Under sections 2557 and 2560 of the Code of Civil Procedure, the effect of a perfected appeal is to stay the execution of the decree, and if perfected before letters are issued, letters can only issue on an order of the surro-

gate; and if the appeal is taken after letters issued, the executors can only act if such an order is made after the appeal is taken. And then the letters are restricted to the limited powers specified. If such an order is not made then the executors are stayed from exercising their power or authority.

Upon the issuance of letters testamentary, a temporary administrator becomes *functus officio* and the surrogate cannot thereafter continue the temporary administrator.

APPLICATION by the contestants for a stay herein pending the hearing and determination of an appeal from a decree admitting the will to probate.

*Charles H. Tuttle*, for the motion.

*Henry W. Taft*, opposed.

PAGE, J.:

Upon a trial by jury of a contested probate of will, a verdict was directed establishing the will. The decree entered thereon contained these words: " The surrogate being satisfied on the argument that the preservation of the estate requires that the letters should issue."

The letters were issued before twelve o'clock on January 17, 1919. The appeal was perfected and the notice of appeal served on the executors and the attorney for the proponents after three o'clock on the same day. There was a devise of certain real estate, the rents of which amount to a substantial sum. The devisees are not shown to be persons of financial responsibility, having been employees of the testator. The executors, one of whom is a young lawyer, are not required to give bonds. This motion is made for an order restraining the executors from acting under the letters testamentary issued to them pending the appeal, and continuing the management of the estate by temporary administrators pending the appeal, and granting to the contestants such other and further relief as may be proper and just to insure the preservation of the estate and the protection of their rights therein pending the appeal.

Conceding that the questions involved on the appeal are substantial and that this court should pass upon them, what can be done to insure the preservation of the rights of the

contestants in the estate pending the hearing and determination of the appeal?

The first question that naturally presents itself is, What is the effect of the incorporation of the words: " The surrogate being satisfied on the argument that the preservation of the estate requires that the letters should issue? " Section 2557 of the Code of Civil Procedure provides: " An appeal from a decree of a surrogate admitting a will to probate, or granting letters testamentary, * * * does not stay the issuing of letters where, in the opinion of the surrogate manifested by an order, the preservation of the estate requires that the letters should issue. * * *. Except as otherwise expressly prescribed in this chapter a perfected appeal has the effect, as a stay of the proceedings to enforce the decree or order appealed from, prescribed in section 1310 of this act, with respect to a perfected appeal from a judgment."

In my opinion, the order is only required where the appeal is taken prior to the issuance of the letters, and the stay, operating by virtue of the perfected appeal, would leave the estate without any one charged with the power or duty of conserving the assets. In such a case the surrogate is permitted by order to direct the issuance of letters where, in his opinion, the preservation of the estate requires it. The decree directs letters to issue; and if issued before a perfected appeal, they are issued by virtue of the mandate of the decree. The addition of the words inserted in this decree are mere surplusage and have no effect whatsoever except to show the intention of the surrogate, if possible, to forestall and, so far as the administration of the estate is concerned, to render nugatory the effects of a stay. Letters testamentary issued under the decree before a notice of appeal was served would be general letters, while letters issued after appeal pursuant to the order are restrictive letters.

Section 2560 of the Code of Civil Procedure provides: " When letters testamentary or letters of administration have been issued in accordance with an order of the surrogate as authorized in section 2557 of this act, such letters so issued confer upon the person named therein all the powers and authority, and subject him to all the duties and liabilities of an executor or administrator in an ordinary case, *except*

*that they do not confer power to sell real property by virtue of a provision in the will, or to pay or to satisfy a legacy, or distribute the unbequeathed property of the decedent, until after the final determination of the appeal;* and in case letters shall have been issued before such appeal, the executor or administrator, on a like order of the surrogate, may exercise the powers and authority, subject to the duties, liabilities and exceptions above provided."

Considering sections 2557 and 2560, it becomes clear that the effect of a perfected appeal is to stay the execution of the decree, and if perfected before letters are issued, letters can only issue on an order of the surrogate; and if the appeal is taken after letters issued, the executors can only act if such an order is made after the appeal is taken. And then the letters are restricted to the limited powers above specified. If such an order is not made, then the executors are stayed from exercising their power or authority. (*Matter of Place,* 5 Dem. 228; *Matter of Choate,* 105 App. Div. 356; *Matter of Dayton,* 100 Misc. Rep. 632.) Upon the issuance of letters testamentary the temporary administrator becomes *functus officio,* and the surrogate could not continue the temporary administrator after the issuance of such letters. (*Matter of Choate, supra.*) In the last case the court said: "The appeal from the decree, by suspending the functions of the executors, made it necessary that some one should be appointed to take charge of and preserve the estate, and we do not agree with the appellant's contention that these duties should of necessity have been again confided to the temporary administrator who had been originally appointed." (See, also, *Matter of Durban,* 175 App. Div. 688; affd., 220 N. Y. 688.)

The surrogate would have power to grant the order for restrictive letters to the executors or to issue new letters of temporary administration. But if he grants the restrictive letters, the estate will not be preserved. The executors would not take possession of the real estate devised by the will. The execution of the decree being stayed, the property would not pass to the devisees. If, however, a temporary administrator is appointed, the "surrogate may, by the order appointing him * * * confer upon him authority to take possession of real property, in the same or another

county, which is affected by the will, and to receive the rents and profits thereof or to do any other act with respect thereto, which is, in the surrogate's opinion, necessary for the execution of the will, or the preservation or benefit of the real property." (Code Civ. Proc. § 2600.)

The motion should, therefore, be granted, the executors enjoined from acting under the letters testamentary heretofore issued to them, and the matter remitted to the Surrogate's Court with instructions to appoint some suitable person or persons temporary administrators upon giving a sufficient bond, and that the executors be commanded forthwith upon the temporary administrators' qualifying, to turn over to them all money or other property held by the executors belonging to the estate.

CLARKE, P. J., SMITH and SHEARN, JJ., concurred.

Motion granted as stated in opinion. Order to be settled on notice.