In the Matter of the Estate of ANTHONY HERMANOWSKI, Deceased.

Surrogate's Court, Westchester County, June 30, 1938.

*Edward A. Fay*, for Vincenta Godlewski, as executrix, etc., petitioner.

*Thaddeus Olszewski*, for Dennis A. Pryzgoda and Wladyslaw Saniewski, as temporary administrators, etc.

MILLARD, S. The executrix under the will of this decedent has applied for an order compelling the temporary administrators to account.

In determining the instant application, a brief résumé of the proceedings heretofore had herein is pertinent.

The decedent, a resident of the city of Yonkers, died on June 30, 1936. He was survived by two brothers, a sister and certain nephews and nieces, all of whom, with the exception of a brother and a niece, are nationals of the Republic of Poland. Decedent left a paper writing dated June 29, 1936, purporting to be his last will and testament, which was offered for probate by Vincenta Godlewski, the executrix named therein, who is the petitioner in this proceeding. Objections to probate upon statutory grounds, were filed by the Acting Consul General of the Republic of Poland, acting in behalf of Franciszek Hermanowski and Felixa Prusinski, a brother and sister of the decedent, by Boleslaus Hermanowski, a brother of the decedent, and by Wladyslaw Saniewski, a person named as executor in another will of the decedent. The objections were tried before the former surrogate and a jury in the month of May, 1937, and probate of said paper writing was denied. A decree denying probate was filed on June 22, 1937. On the same day, upon their own application, Dennis A. Pryzgoda and Wladyslaw Saniewski were appointed as temporary administrators of this estate and letters of temporary administration were issued

to them. Thereafter Vincenta Godlewski appealed from said decree to the Appellate Division, Second Department and, on May 6, 1938, that court entered an order reversing said decree of June 22, 1937 and remitted the matter to this court for the entry of a decree admitting said paper writing to probate as the last will and testament of this decedent (254 App. Div. 748). Thereafter the order of the Appellate Division was made the order of this court and on May 25, 1938 a decree was entered admitting the paper writing, dated June 29, 1936, to probate as the last will and testament of this decedent. Letters testamentary were issued on the same date to the said Vincenta Godlewski, the executrix named in said paper writing.

On June 2, 1938, the contestants to the probate of said paper writing filed a notice of appeal from said order of the Appellate Division, perfected their appeal and the same is now pending.

Upon the hearing of this application, the attorneys for the Polish Consul sought leave to intervene in the proceeding and to file an affidavit and memorandum in opposition. Decision was reserved on this application. The temporary administrators also appeared by counsel and are resisting the instant application upon the grounds generally that the perfected appeal to the Court of Appeals operates as a stay of all proceedings on the part of the executrix and that they are proper persons to have the custody of the assets of this estate pending the determination of said appeal. As to the right of the Polish Consul, acting in behalf of his nationals who are neither the executrix nor the temporary administrators of this estate, I hold that they are not proper parties to the instant proceeding, the only necessary parties being the executrix and the temporary administrators. (*Matter of Haag*, 100 Misc. 249; Surr. Ct. Act, §§ 259, 260.) The application to intervene is, therefore, denied.

As to the right of the executrix to compel the temporary administrators to account, it must be noted at the outset, that letters testamentary were issued to the executrix pursuant to the order of the Appellate Division and *before an appeal to the Court of Appeals was taken or perfected.* The letters so issued were general letters. (*Matter of Kennedy*, 186 App. Div. 19, 21.) Upon the issuance of letters testamentary, the temporary administrators became *functus officio* and their powers ceased except to account and pay over and deliver the property in their hands to the executrix. (*Matter of Dayton*, 100 Misc. 632, 633; affd., 182 App. Div. 886.)

Section 87 of the Surrogate's Court Act (formerly Code Civ. Proc. § 2557), so far as material here, provides that

" An appeal from a decree of a surrogate admitting a will to probate, or granting letters testamentary, or letters of administration, or from an order or judgment of the Appellate Division of the Supreme Court affirming a decree of the surrogate admitting a will to probate, or granting letters testamentary or letters of administration does not stay the issuing of letters where, in the opinion of the surrogate manifested by an order, the preservation of the estate requires that the letters should issue.

" An appeal from a decree revoking letters testamentary, letters of administration, or letters of guardianship; or from a decree or an order, suspending an executor, administrator, or guardian, or removing or suspending a testamentary trustee or appointing a temporary administrator or an appraiser of personal property does not stay the execution of the decree or order appealed from.

" Except as otherwise expressly prescribed in this act a perfected appeal has the same effect, as a stay of the proceedings, to enforce the decree or order appealed from on a perfected appeal from a judgment."

Section 90 of the Surrogate's Court Act (formerly Code Civ. Proc. § 2560), so far as material, provides that

" Where letters testamentary, letters of administration, or letters of trusteeship have been issued in accordance with an order of the surrogate as authorized in section eighty-seven of this act, such letters so issued confer upon the person named therein all the powers and authority, and subject him to all the duties and liabilities of an executor, administrator, or testamentary trustee in an ordinary case, except that they do not confer power to sell real property by virtue of a provision in the will, or to pay or to satisfy a legacy, or distribute the unbequeathed property of the decedent, until after the final determination of the appeal; and in case letters shall have been issued before such appeal, the executor, administrator, or testamentary trustee, on a like order of the surrogate, may exercise the powers and authority, subject to the duties, liabilities and exceptions above provided."

In *Matter of Kennedy* (*supra*) the court said:

" Considering sections 2557 and 2560, it becomes clear that the effect of a perfected appeal is to stay the execution of the decree, and if perfected before letters are issued, letters can only issue on an order of the surrogate; and if the appeal is taken after letters issued, the executors can only act if such an order is made after the appeal is taken. And then the letters are restricted to the limited powers above specified. If such an order is not made, then the executors are stayed from exercising, their power or

authority. (*Matter of Place*, 5 Dem. 228; *Matter of Choate*, 105 App. Div. 356; *Matter of Dayton*, 100 Misc. 632.) Upon the issuance of letters testamentary the temporary administrator becomes *functus officio*, and the surrogate could not continue the temporary administrator after the issuance of such letters. (*Matter of Choate, supra.*) In the last case the court said: ' The appeal from the decree, by suspending the functions of the executors, made it necessary that some one should be appointed to take charge of and preserve the estate, and we do not agree with the appellant's contention that these duties should of necessity have been again confided to the temporary administrator who had been originally appointed.' (See, also, *Matter of Durban*, 175 App. Div. 688; affd., 220 N. Y. 688.)

" The surrogate would have power to grant the order for restrictive letters to the executors or to issue new letters of temporary administration. But if he grants the restrictive letters, the estate will not be preserved. The executors would not take possession of the real estate devised by the will. The execution of the decree being stayed, the property would not pass to the devisees."

The facts in the instant case differ only from those in *Matter of Kennedy (supra)*, in that the assets of this estate consist entirely of personal property. The powers of the temporary administrators having ceased, I am of the opinion that the proper person to have control of the assets of the estate is the person to whom letters testamentary have been issued. Upon obtaining the order referred to in section 90 of the Surrogate's Court Act, the court has power to direct the temporary administrators to turn the property of this estate over to the executrix upon the filing of a proper bond. I am further of the opinion that, without such order, the executrix is without power to compel an accounting. Consequently the instant application will be held in abeyance pending an application for and the making of the order above referred to.

Settle order.