John J. Dillon, S.
In this accounting proceeding the executor has requested a determination as to the validity of a notice of election asserted by the widow of testator. Schedule d-1 of the account also includes a claim of the widow in the amount of $2,680, representing in part moneys advanced by her to pay the funeral expenses of decedent. The balance of such amount represents a claim of the widow under a separation agreement. Both claims have been rejected by the executor and a notice of rejection has been served upon the claimant.
After a hearing held with respect to the issues raised by objections interposed by the daughter of decedent, the widow having failed to appear in person or by attorney, the court at the request of both counsel restored the matter to the calendar to afford the widow the opportunity of appearing by attorney or in person. Despite the request of counsel that the widow- appear at a conference scheduled by the court, she failed to appear in person or by attorney although she had been afforded more than adequate time and opportunity to appear. Under these circumstances her default in appearing is duly noted and the asserted notice of election is determined to be invalid. The rejected claims for reimbursement of moneys claimed to have been advanced for funeral expenses and any claim for moneys stated to be due under the separation agreement are likewise dismissed upon default.
At the commencement of the hearing upon the objections interposed by the daughter, all objections were withdrawn except objection numbered “ 7th ” and a portion of objection numbered “ 10th ”. Objection numbered “ 7th ” relates to the failure of the executor to pay income to the person entitled. Objection numbered “ 10th ” relates to the failure of the executor to invest moneys during a part of the period of administration.
By his will the testator devised and bequeathed his entire residuary estate in trust, the net income of which was directed to be paid to his daughter until attainment of the age of 30 years, at which time the principal of the trust and any income was to be paid or delivered to such daughter. The will contains no provision for the benefit of the widow of testator.
At the time of his death, on May 30, 1944, the testator owned certain personalty valued at $1,317.02 and certain real property upon which a diner was located. Pursuant to the express authority conferred by the will, the executor continued the operation of the diner for several months and then rented the premises until their sale in 1949. During the period prior to the sale of the premises, the executor maintained a checking account with balances approximating between $1,000 and *150 $1,500. The executor maintains that he was required to maintain a checking account in order to pay the carrying charges on the real property. ■ The evidence shows that the executor maintained the checking account until July 27, 1955 at which time the balance of slightly less than $2,100 was deposited in an interest account.
Even where an executor or administrator is not required to hold funds for an extended period of time, prudence may require that the estate funds be not permitted to remain uninvested, but that such funds be deposited in a savings bank or other depository where interest can be obtained. (Matter of Philip, 29 Misc. 263.) Under all the circumstances the executor was not imprudent in permitting the small amount of cash in his hands to remain uninvested for the period prior to the time in April, 1949 when the diner was sold. However, prudence required that the funds be invested after the sale of the diner and under the circumstances the deposit of all estate assets in a checking account after May 1, 1949 until July 27, 1955 when the funds were deposited in an interest account was imprudent.
Accordingly, the executor is surcharged for the amount which such funds would have earned if invested in a savings bank which is hereby- fixed at the rate of 2% a year during the period commencing May 1, 1949 until July 27, 1955.
So much of the objection numbered “ 7th ” as relates to payments made for the benefit of the income beneficiary has been withdrawn. The balance of such objection, regarding the failure of the executor to pay income to such beneficiary, is interrelated to the failure of the executor to render the estate assets income producing and accordingly is sustained to the extent of the surcharge hereinabove imposed, and overruled and dismissed in all other respects.
The fee of the attorney-executor is allowed in the amount requested.
Settle decree accordingly.