HATCH, J. The facts in this case cannot distinguish it from the case as made in McCabe v. City of New York, 77 App. Div. 637, 79 N. Y. Supp. 176, affirmed by the Court of Appeals, 176 N. Y. 587, 68 N. E. 1119. The fact that the affidavits were taken in the morning before business hours does not change the result, any more than the rendition of other services charged upon the plaintiff, performed either before or after office hours, would authorize extra compensation. What plaintiff did was done in the performance of his duties as chief messenger. They were charged upon him by specific direction, and he performed them as service required by the department and in the discharge of his duties.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(105 App. Div. 356.)

### In re CHOATE'S WILL.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

WILLS—APPEAL FROM PROBATE—LIMITED EXERCISE OF POWER BY EXECUTORS.
    Though, pending proceedings to probate a will, a temporary administrator was appointed, the executors to whom letters testamentary were issued on entry of decree admitting the will to probate may, on appeal being taken, be granted limited powers under Code Civ. Proc. § 2582, it not being necessary that such powers should be granted the temporary administrator.
    [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 330.]

Appeal from Surrogate's Court, New York County.

In the matter of the last will and testament of Sarah J. H. Choate, deceased. From an order authorizing executors under Code Civ. Proc. § 2582, to act pending an appeal from a decree admitting the will to probate, Margaret G. Ronayne appeals. Affirmed.

Argued before HATCH, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Roger Foster, for appellant.
James C. Bushby, for respondents.

PER CURIAM. Pending the determination of proceedings which resulted in a decree admitting this will to probate and rejecting a later one presented by the appellant, a temporary administrator was appointed. Upon the entry of the decree of probate letters testamentary were issued to the respondents herein, being two of the three executors named in the will. They qualified as such, entered upon their duties, and were so engaged when the appellant and certain special guardians served notice of appeal from the probate decree. The effect of this appeal was to suspend the functions of the executors, and with a view of preserving the estate pending such appeal they applied for and obtained from the surrogate this order conferring upon them limited authority under section 2582 of the Code of Civil Procedure. The appeal from the decree, by

suspending the functions of the executors, made it necessary that some one should be appointed to take charge of and preserve the estate, and we do not agree with the appellant's contention that these duties should of necessity have been again confided to the temporary administrator who had been originally appointed while the proceedings relating to the probate of the will were pending. We cannot assent to this view for the reason that, in our opinion, upon the issuance of letters testamentary the temporary administrator theretofore appointed became functus officio, and the surrogate could not continue the temporary administrator after the issuance of such letters. Whether the surrogate, when the appeal from the decree of probate was taken, could have again appointed the person or corporation who formerly had acted as temporary administrator to preserve the estate during the pendency of such appeal it is not necessary for us to determine; the question being as to his right, under the section of the Code referred to, to grant to these executors the limited authority therein provided for.

We think he had such power, and that the order appealed from should therefore be affirmed, with $10 costs and disbursements.