### In re LELAND'S ESTATE.

#### (Surrogate's Court, New York County. July 17, 1916.)

EXECUTORS AND ADMINISTRATORS ☞22(2)—APPOINTMENT PENDING APPEAL FROM PROBATE—POWERS OF COURT.

Where administration is necessary pending appeal from a decree admitting the will to probate, the court may issue limited letters testamentary to the executor named in the will, under Code Civ. Proc. § 2557, providing that appeal in such case does not stay issuing of letters if the estate requires that they be issued, and section 2560, defining powers of executors in such cases, although section 2596 provides for temporary administration in case of delay in probating the will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 117–122; Dec. Dig. ☞22(2).]

Application for temporary administration by the legatees, and cross-application for letters testamentary by the executors, pending appeal, of the estate of Francis L. Leland. Application denied, and limited letters ordered to issue to the executor.

Order reversed, 161 N. Y. Supp. 320. See, also, 95 Misc. Rep. 440, 159 N. Y. Supp. 533; 96 Misc. Rep. 419, 160 N. Y. Supp. 372.

Olney & Comstock, of New York City, for Louis F. Leland.

Jesse Grant Roe, of New York City (Robert C. Beatty, of New York City, of counsel), for Frank R. Leland.

Kellogg & Rose, of New York City (L. Laflin Kellogg and W. K. Hartpence, both of New York City, of counsel), for Timothy M. Cheesman.

A. Perry Osborn, of New York City, special guardian.

FOWLER, S. This is a cross-application for letters testamentary and for a temporary administration pending appeal. Section 2557, C. C. P., provides that an appeal from a decree of the surrogate admitting a will to probate or granting letters testamentary does not stay the issuing of letters where, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that the letters should be issued.

Section 2560 of the Code provides that where such letters have been issued they confer upon the person named therein all the powers and authority and subject him to all of the duties and liabilities of an executor or administrator in an ordinary case, except that they do not confer power to sell real property by virtue of a provision in the will or to pay or to satisfy a legacy or distribute the unbequeathed property of the decedent until after the final determination of the appeal, and in case letters shall have been issued before such an appeal, the executor or administrator, on a like order of the surrogate, may exercise the powers and authorities, subject to the duties, liabilities and exceptions above provided.

Section 2596 of the Code provides that the surrogate may, in his discretion, issue letters of temporary administration "when for any cause delay necessarily occurs in the granting of letters testamentary or letters of administration or in probating the will."

Some of the legatees having filed objections to the issuance of letters testamentary herein, I felt it incumbent on me on June 7th last to overrule such objections, and a decree has since been signed for the issuance of such letters, and an appeal has been taken therefrom to the Appellate Division.

An application has now been made by certain of the legatees so appealing for the appointment of the United States Trust Company as temporary administrator. A counter application is made by the executors for an order authorizing the executors to act within the limits specified by sections 2557 and 2560 of the Code, pending the appeal from the decree directing that letters testamentary issue. If any temporary administration were necessary, the United States Trust Company would be an eminently proper appointment. But none is necessary.

The legatees who ask for the appointment of a temporary administrator cite the case of Mootrie v. Hunt, 4 Bradf. 173, where, pending an appeal from a decree admitting a will to probate, an application was made for letters of collection, in which Surrogate Bradford granted the application. This decision was made in 1857, when there was no provision for the issuance of letters testamentary pending an appeal. That provision first appeared on the statute book in 1871 (chapter 603 of the laws of that year), and so the decision of Surrogate Bradford can have no application to the present proceeding.

Surrogate Rollins in 1886 in Matter of Place, 5 Dem. 228, where letters of administration with the will annexed had been granted and an appeal had been taken on an application to grant a stay of proceedings, decided under the provisions of then existing section 2582 that an appeal from a decree granting letters of administration should not

stay an issuance of letters where, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that the letters shall issue, and he further decided under said section, in case letters shall have been actually issued before such appeal, the executors or administrators may exercise certain power and authority on a like order from the surrogate.

In Matter of Choate, 105 App. Div. 356, 94 N. Y. Supp. 176, where there had been a temporary administrator during the pendency of a probate contest, and upon the entry of the decree of probate letters testamentary were issued, and thereafter an appeal was taken from the probate decree, the court held that the effect of this appeal was to suspend the functions of the executors, and with a view of preserving the estate the executors applied for and obtained an order conferring upon them limited authority under section 2582 of the Code. An appeal was taken from that order, and the court said that they did not agree with the appellant's contention that these duties should of necessity have been again confided to the temporary administrator, for the reason that upon the issuance of letters testamentary the temporary administrator became functus officio "and the surrogate could not continue the temporary administrator after the issuance of such letters." They also held that it was not necessary for them to decide whether the surrogate, when an appeal from a decree of probate was taken, should have again appointed a temporary administrator, the question before them being as to the right to grant to these executors the limited authority therein provided for.

Inasmuch as it is conceded by all parties that an appointment is necessary for the preservation of the estate, under the circumstances of this case I think I should deny the application for the appointment of a temporary administrator and direct that limited letters to the executor issue under the provisions of section 2557, C. C. P., and I so direct and order.