In the Matter of the Application for Temporary Letters of Administration upon the Goods, Chattels and Credits Which Were of MARTHA E. DURBAN, Deceased.

In the Matter of the Contested Will of MARTHA E. DURBAN, Deceased; GEORGE A. DURBAN and Others, Appellants; JOHN A. LYNCH, Respondent.

*(Second Department, October 6, 1916.)*

SURROGATE'S COURT — TEMPORARY ADMINISTRATOR — EFFECT OF PROBATE — EFFECT OF REVERSAL OF PROBATE ON APPEAL — APPOINTMENT OF NEW TEMPORARY ADMINISTRATOR — NOTICE.

Where a temporary administrator has been appointed executor on the probate of a will, the reversal of the decree of probate by the Appellate Division, which orders a new trial, does not revive his original appointment as temporary administrator.

The effect of a decree of probate is to revoke former letters of administration.

Hence, after the reversal of the probate, the court has power, in its discretion, to appoint another person temporary administrator and may choose a person not interested in the controversy.

Where the attorneys for parties interested in and contesting the probate of a will are without the county where the probate proceedings are to be had, the surrogate my appoint a temporary administrator without notice to the attorneys; they are not entitled to notice as a matter of right.

APPEAL by the appellants from two orders of the Surrogate's Court of the county of Richmond, entered in the office of said Surrogate's Court on the 27th day of May, 1916, and the 14th day of September, 1916, respectively.

Before the surrogate of Richmond county had admitted this will to probate, he appointed, as temporary administrator, Mr. Apel, the executor named in the will. On probate of the will Mr. Apel received the usual letters testamentary. This court, however, reversed the decree probating the will, and directed a nw trial (173 App. Div. 949). Thereafter Mrs. Richter, the next of kin, petitioned to be appointed temporary administratrix, and a like petition was made by Mr. Apel. The surro-

gate wrote asking the respective attorneys for these rival peti-
tioners to present orders, which they did.  He, however, ap-
pointed Mr. John A. Lynch, a stranger, as temporary adminis-
trator.  A motion was made to vacate this order, which was
denied.  From the order of appointment, and from the subse-
quent order denying the motion to vacate, appeal has been
taken.

Alexander S. Bacon, for the appellants.

Nathan Schwartz, for the proponent.

Charles B. Dullea, for the respondent John A. Lynch.

PUTNAM, J.—The first ground raised here is that Mr. Apel's
original appointment as temporary administrator revived on
reversal of the probate, and hence there was no vacancy to be
filled.  I think this is unsound (Matter of Choate, 105 App.
Div. 356; see Code Civ. Pro., § 2555), and the confirmation of
this view appears from the fact that all parties have acted on
the firm idea that a vacancy existed to be filled.  Section 2624
of the Code of Civil Procedure, to the effect that a decree of
probate must revoke former letters of administration, is only
declaratory.  If the probate decree should not say that the
temporary letters are revoked, it is nevertheless plain that such
temporary letters have been superseded.

Furthermore, for the protection of sureties on a temporary
administrator's bond, that office should be regarded as termi-
nated, and the appointee as functus officio, upon the issue of
regular letters.  Otherwise a probate contest might continue
extending over the period of an appeal to the Court of Appeals,
and, on reversal, appellants' theory would restore the authority
and rights to custody of a temporary administrator, possibly
without additional security.

The other ground insisted on is that a stranger had been
needlessly put in control, although Mr. Apel stood ready to

act without further fees. But this liberality of Mr. Apel was a belated offer, not announced till June 5th, a week after Mr. Lynch has been appointed.

It is urged that the attorneys did not have proper notice. A temporary administrator is to meet an exigency calling for a conservator. Hence there are more elastic requirements as to service. If the attorneys who have already appeared are without the county, the surrogate may dispense with any notice to them. (Code Civ. Pro., § 2602.) Here are concerned two attorneys in Kings county and one with an office in New York county, where is also the special guardian. Hence none could demand notice as matter of right. Having before him two rival petitions, the surrogate could name a temporary administrator, and even choose one not "interested" (as appears from the contrasting words of sections 2588 and 2596 of the Code of Civil Procedure), for such an ad interim office, rather than to give to either competitor the advantage of possession.

I advise that the orders of the Surrogate's Court of Richmond county be affirmed, without costs.

JENKS, P. J., CARR, MILLS and RICH, JJ., concurred.

Orders of the Surrogate's Court of Richmond county affirmed, without costs.