CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

---

In the Matter of the Application of ELIZABETH CLARK, as Administratrix, etc., of THOMAS M. WEED, Deceased, Appellant, for an Order Requiring FREDERICK A. SOUTHWORTH, Respondent, to Turn over Certain Property in His Possession Belonging to the Estate of THOMAS M. WEED, Deceased.

First Department, December 5, 1919.

**Decedent's estate — probate set aside, letters testamentary revoked and letters of administration issued — administratrix entitled to receive personal property from former executor — custody of proceeds of sale of real estate pending accounting.**

Where a decree of probate was set aside and letters testamentary revoked and letters of administration granted, and the widow is indigent and in need of funds for the support of herself and infant children, a motion by the administratrix to compel the former executor to turn over the personal estate should be granted, but pending his accounting which has been ordered he may retain a mortgage received on the sale of real estate by him and also cash received on said sale which is treated as real estate and will pass to the heirs and not to the administratrix.

APPEAL by Elizabeth Clark, as administratrix, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 11th day of September, 1919, denying a motion to compel an executor whose letters have been revoked to turn over the assets of the estate to the administrator.

First Department, December, 1919.    [Vol. 189.

*Gustav Lange, Jr.*, for the appellant.

*Alfred G. Reeves* of counsel [*William R. Brinckerhoff* with him on the brief], for the respondent.

PAGE, J.:

Thomas M. Weed died leaving an alleged last will and testament and also left him surviving a widow, twenty-seven years of age, and one child, Lila Morrison Weed, who is now of the age of three and one-half years. After the probate of the will there was born a posthumous child who is now ten months old.

Shortly after the decedent died, a petition was prepared and signed by the widow and Frederick A. Southworth, an attorney, alleging that the decedent died leaving a last will and testament and filing a paper bearing no signature or any attestation clause. The petition disclosed the fact of there being an unborn child in existence. Letters testamentary were issued upon such petition. Thereafter, upon application of the widow and Elizabeth Clark as general guardian of the two children of the decedent, the decree of probate was set aside, the letters testamentary revoked by an order bearing date June 26, 1919, and Elizabeth Clark was appointed administratrix of the estate of Thomas M. Weed, the widow renouncing her right thereto. A demand was made that Frederick A. Southworth turn over to the administratrix all the stocks, bonds, books, papers and memoranda in his possession, and also the moneys on deposit in the Central Union Trust Company. On his refusal these motions were made. The motions were denied by the surrogate upon the ground that: " An accounting has been ordered and the relief sought can be obtained in that proceeding, in which the property to be turned over can be definitely fixed."

On the argument of this appeal a copy of the executor's account of proceedings was submitted to the court. From the petition it appears that the widow and infant children are without means of support and are now living with and dependent upon the charity of friends. Under such circumstances the executor, who has been removed, should not be allowed to keep in his possession the entire estate pending determination of the accounting proceedings. The account shows that there

is cash on hand in the Central Union Trust Company amounting to $8,512.25; that the executors sold real property for $11,875, and received a mortgage for $8,000; thus the $3,875 of the cash on hand should be treated as a part of the real estate, as the real estate would pass to the heirs-at-law and not to the administratrix, and as the executor may be called upon by the heirs-at-law to account for these proceeds he should be allowed until the determination of the accounting proceedings to retain the $8,000 mortgage and the $3,875. This would leave a balance of cash of $4,637.25 in his hands. This sum is more than ample to pay all the expenses of administration and commissions that the executor would be allowed upon the accounting.

The order of the surrogate should be reversed and the executor be directed to pay to the administratrix $1,000 in cash and to deliver over to the administratrix all the bonds, stocks, dividend checks and securities except the bond and mortgage for $8,000 above mentioned, the remainder to be held in his hands to await the determination of the accounting proceeding, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the executor ordered to pay and deliver cash, bonds, checks and securities as indicated in opinion.    Order to be settled on notice.