CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

---

In the Matter of the Application of ELIZABETH CLARK, as Administratrix, etc., of THOMAS M. WEED, Deceased, Appellant, for an Order Requiring CENTRAL UNION TRUST COMPANY OF NEW YORK, Respondent, to Turn over Certain Moneys Belonging to the Estate of THOMAS M. WEED, Deceased.

First Department, December 5, 1919.

**Decedent's estate — appointment of administratrix after revocation of probate — depository of moneys of estate ordered to pay over to administratrix.**

Where letters testamentary have been revoked and administration granted a bank in which the former executor has deposited the funds of the estate will be ordered to honor any checks on said funds drawn by the executor

in favor of the administratrix, with the proviso that, if the executor does not obey the direction to turn over the funds, the trust company shall pay the same to the administratrix and take her receipt which shall be a sufficient voucher and acquittance for payment.

APPEAL by Elizabeth Clark, as administratrix, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 11th day of September, 1919, denying a motion to compel the Central Union Trust Company of New York to turn over to the said Elizabeth Clark, as administratrix, the moneys on deposit in said institution to the credit of Thomas M. Weed, deceased.

*Gustav Lange, Jr.,* for the appellant.

*T. C. P. Martin* of counsel [*Larkin & Perry,* attorneys], for the respondent.

PAGE, J.:

The Central Union Trust Company holds on deposit the funds of the estate of Thomas M. Weed, referred to in *Matter of Clark* v. *Southworth* (189 App. Div. 771), decided herewith. If, in compliance with that order, the executor draws a check on the trust company for $1,000 as therein provided, the trust company should honor it. If he does not, then the trust company is ordered to pay the said sum of $1,000 to the administratrix and take her receipt therefor, which shall be a sufficient voucher and acquittance for such payment.

The order of the surrogate should be reversed and the motion granted as indicated above, without costs.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Order reversed and motion granted as indicated in opinion, without costs. Order to be settled on notice.