In the Matter of Proving the Last Will and Testament of
THEODORE P. SHONTS, Deceased, as a Will of Real and
Personal Property.

MILLA D. SHONTS, Appellant; DELANCEY NICOLL, Respondent.

First Department, April 9, 1920.

**Executors and administrators — when appointment of temporary
administrator should be made on ground of delay in probating
will — revocation of order appointing temporary administrator
upon presentation of alleged will improper in absence of fraud —
fraud not shown — custom to appoint executor as temporary
administrator does not justify vacating prior appointment.**

The appointment of a temporary administrator pursuant to the provisions
of section 2596 of the Code of Civil Procedure was fully justified under the
petition of the applicant, the widow of the decedent, which stated that
the petitioner was informed of an alleged will and that if such will had been
made it was invalid and the petitioner would contest its probate and a
long delay would ensue before a final adjudication and where said petition
alleged also that the decedent left a large quantity of personal property
which was being disposed of by unauthorized persons.

The production of an alleged will in court with a petition for its probate
does not terminate the jurisdiction of the surrogate to appoint a temporary
administrator.

An order granting temporary administration should not be vacated, in the
absence of fraud, upon the production of an alleged will with a petition
for its probate.

Upon the record and the facts in the case no fraud was practiced upon the
court nor was the grant of letters to the widow as temporary adminis-
trator obtained upon the false suggestion of a material fact, and the
revocation of the order granting temporary administration based on
subdivision 4 of section 2569 and subdivision 6 of section 2490 of the
Code of Civil Procedure was improper.

Although it may be customary to appoint the executors of a contested will as
temporary administrators pending probate proceedings, where temporary
administration has been granted to the widow prior to the propounding of
the will and before contest, the same should not be set aside and the
executors named in the will appointed as temporary administrators,
because of said custom.

APPEAL by Milla D. Shonts from an order of the Surro-
gate's Court of the county of New York, entered in the office
of said surrogate on the 15th day of December, 1919, resettling
an order entered in said surrogate's office on the 25th day of

November, 1919, revoking the appointment of a temporary administrator and appointing another temporary administrator.

*John W. Griggs* of counsel [*Warren Dixon* and *George W. Files*, attorneys], for the appellant.

*Outerbridge Horsey* of counsel [*Cornelius J. Sullivan*, attorney], for the respondent.

MERRELL, J.:

This appeal is from an order of the Surrogate's Court of New York county vacating and annulling a prior order of said court made November 5, 1919, granting temporary administration of the estate of Theodore P. Shonts, deceased, to Milla D. Shonts, his widow. The sole basis of the order appealed from was therein stated to be "that said order of November 5th, 1919, granting temporary administration on the Estate of Theodore P. Shonts, deceased, *was made under the mistaken assumption by this Court that said Theodore P. Shonts died intestate.* * * * *"

Theodore P. Shonts died on September 21, 1919, a resident of New York county, leaving the said Milla D. Shonts, of the city of New York, his widow, and Marguerite Amelia Bingham, also a resident of the city of New York, and Theodora d'Chaulnes, residing in Paris, France, daughters, his only heirs at law and next of kin him surviving. On November 3, 1919, the said Milla D. Shonts, widow of decedent, presented to the Surrogate's Court of New York county her duly verified petition praying that temporary letters of administration be awarded to said petitioner. In her petition the petitioner alleged that she had "made diligent search and inquiry for a will of said deceased and has not found any such will, nor had your petitioner obtained any information concerning any such will," except that in or about the year 1904 the deceased had prepared, executed and exhibited to the petitioner a certain document which he stated to her was his last will and testament, and wherein the petitioner was practically the sole beneficiary, of the whereabouts of which will the petitioner was ignorant, and except that the petitioner "subsequent to the death of the deceased, was informed that in or about the month of July, 1919, the said deceased

attempted to make a will wherein he bequeathed nothing, or practically nothing, to your petitioner, and attempted to leave the largest part of his estate to a certain woman in no way related to him or his family, either by blood or marriage, and with whom he had associated and to whose influence he had been subjected for a considerable period prior to his death, and at the time of the making of the said alleged will, and for a considerable period of time prior thereto, the said deceased was mentally incompetent to make a last will and testament. That your petitioner, however, has never seen any such will and * * * should any such document purporting to be a will of the deceased hereafter be produced and offered for probate, your petitioner will contest the same on the grounds of testamentary incapacity, undue influence and other grounds, and a long delay would necessarily ensue before the final adjudication on such application."

Among other grounds showing the necessity for the granting of temporary administration upon decedent's estate said petitioner alleged that at the time of his death decedent occupied an expensive apartment in the city of New York under a lease which by its terms did not expire for about two years and that the estate would be liable for the annual rental thereof until the premises were surrendered; and that in the aforesaid apartment the deceased had a large and valuable collection of furniture, and imported rugs and paintings of the value of upwards of $50,000, which, as petitioner was informed, had, without her knowledge and without any authority of any person competent to authorize, been removed from said apartment, and that unless immediate steps be taken to trace said property the same might be scattered and lost to the estate; and that other reasons, including attention to certain investments of the decedent, demanded immediate attention from some competent representative qualified to represent the estate.

Upon said petition the surrogate, on November 5, 1919, made an order granting temporary administration on the estate of said decedent to the petitioner, and that letters of temporary administration issue to decedent's said widow upon her taking and subscribing the statutory oath, and executing a bond according to law in the penalty of $474,000. Such

oath was taken and subscribed by the petitioner, and the bond required by the order duly executed, and both said oath and bond filed with the surrogate, but letters never actually issued. On November 7, 1919, two days after the said order was granted, there was filed in said Surrogate's Court a paper writing purporting to be a will of said deceased and to have been executed by him July 30, 1919. This alleged will was filed by one DeLancey Nicoll, named therein as one of the executors thereof, who, at the same time, filed with the surrogate his verified petition for its probate.

On the same day, and also upon the petition of the said DeLancey Nicoll, the said surrogate granted an order requiring the said Milla D. Shonts to show cause why the order theretofore made granting temporary administration to her upon the estate of her deceased husband should not be wholly set aside, vacated and annulled, and why temporary administration upon said estate should not be granted to DeLancey Nicoll, Edward J. Berwind and the Guaranty Trust Company of New York, who were the executors named in said proposed will. The petition upon which said order to show cause was granted, after alleging that the order appointing the temporary administrator had been obtained " through the practice of gross deception and misrepresentation," referred specifically to the allegations in Mrs. Shonts' petition for temporary administration, wherein she disclaimed knowledge of the alleged will, and alleged that prior to the filing of her petition there had been placed in her possession a copy of said will. The widow denied such allegations, and, I think, fully explained and justified the allegations contained in her petition for temporary administration with reference to the alleged will.

The learned surrogate in an opinion (109 Misc. Rep. 276) accompanying the order removing the widow as temporary administratrix, stated that she had been appointed " in a course of administration, and on the judicial proof and assumption that there was no will," and that nothing further had been done " in the proceeding based on an alleged intestacy;" that since, an executed will in writing had made its appearance and had been filed with a petition for its probate. Such " tremendous fact " in the opinion of the surrogate entirely altered the situation existing when Mrs. Shonts was named as temporary admin-

istratrix.   In the opinion of the learned surrogate: " When a will is produced in this court, with a petition for its probate, the jurisdictional requisite for an administration proceeding ceases *ipso facto*."   I think the surrogate was in error both as to his assumption of fact that the temporary administratrix was appointed upon the assumption that there was no will and as to his conclusion of law that the production of an alleged will with a petition for its probate deprived the Surrogate's Court of jurisdiction to grant temporary administration. The appointment of a temporary administrator was not asked upon the ground of intestacy, but on the contrary, the surrogate was fully advised by the allegations of the petition of the existence of the pretended will whereby the petitioner alleged that the said deceased had attempted to make a will leaving the largest part of his estate to a woman unrelated to him or his family, and with whom he had associated and to whose influence he had been subjected for a considerable period prior to his death; and that at the time of making said alleged will and for a considerable period of time prior thereto the deceased was mentally incompetent to make a will; and of the intention of the petitioner, should any such document purporting to be a will of the deceased thereafter be produced and offered for probate, to contest the same on the grounds of testamentary incapacity, undue influence and other grounds, and that " *a long delay would necessarily ensue before the final adjudication on such application*."   The petition then sets forth and alleges facts why pending such " long delay " someone should be appointed to take possession and preserve the estate pending such final adjudication.   The petition and order conclusively show that the granting of temporary administration was not because of the intestacy of the deceased, but to protect the estate pending the final adjudication of probable proceedings to probate decedent's attempted will.   No good reason suggests itself why the petitioner did not apply for letters of administration generally upon her deceased husband's estate if there was no question but that her husband had died intestate.   The Code of Civil Procedure (§ 2588) would, in case of intestacy, give to her the paramount right to letters.   Pending the prospective long delay in determining whether her husband left a will, under

the existing circumstances, the petitioner very properly asked for temporary administration. As decedent's widow she was an interested party. As his widow the law gives to her certain of his household effects and personal estate which he was powerless to divert from her even by will. Upon his death such property became her's and she was entitled to have it set apart to her. (Code Civ. Proc. § 2670.)

The application for temporary administration was made and the same was granted by the surrogate pursuant to the provisions of section 2596 of the Code of Civil Procedure. That section, so far as is here pertinent, provides:

" On the application of a creditor, or a person interested in the estate, the surrogate may, in his discretion, issue to one or more persons letters of temporary administration, in either of the following cases:

" 1. When for any cause, delay necessarily occurs in the granting of letters testamentary or letters of administration, or in probating a will. * * * "

The allegations of the petition fully justify the surrogate in granting temporary administration pursuant to the Code provision. (*Matter of Choate*, 105 App. Div. 356.) While the petition praying for the annulment of the temporary administration granted herein to Mrs. Shonts was predicated upon a charge of gross deception and misrepresentation by the widow, and which charge is not sustained by the facts, and while the order appealed from recites as the untenable ground of annulment of the order granting temporary administration, that said order was made under a mistaken assumption by the court that decedent died intestate, in his opinion the learned surrogate states as the ground for vacating the order that " When a will is produced in this court, with a petition for its probate, the jurisdictional requisite for an administration proceeding ceases *ipso facto*." That the learned surrogate, under our practice, is in error in such assertion, and that temporary administration is proper in case of proceedings pending for the probate of a will, is at once apparent from a reading of section 2596 of the Code of Civil Procedure, subdivision 1 of which makes delay in granting letters testamentary a ground for temporary administration, and which, *inter alia*, then provides that " an appointment of a temporary

administrator, in a case specified in this subdivision [1] must be made by an order, if a proceeding for * * * *probate of a will* is then pending." In an extended argument, in an effort to justify his action, the learned surrogate has endeavored to clothe the act of the executors in propounding the alleged will for probate with undue importance. The surrogate deemed himself bound in consequence of the mere production of the alleged will to revoke the designation of Mrs. Shonts as temporary administratrix of her deceased husband's estate. The document propounded possessed no such virtue. At most it was an alleged will, assailed as the ineffectual testamentary effort of an enfeebled mind governed and controlled by undue and sinister influence, and, therefore, incapable of probate as the will of the deceased. Until duly admitted to probate as a valid will, and then only upon the actual issuance of letters testamentary, would the temporary administratrix become *functus officio*. (*Matter of Kennedy*, 186 App. Div. 19, 22; *Matter of Choate*, 105 id. 356.)

It is plain that the application for the revocation of the order granting temporary administration herein was based upon subdivision 4 of section 2569 of the Code of Civil Procedure, which provides for such revocation where the grant of the letters or the appointment " was obtained by a false suggestion of a material fact;" and upon subdivision 6 of section 2490 of said Code, which provides that the surrogate has power " to open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud * * * or other sufficient cause." But neither of said Code provisions justifies the action of the surrogate in the case at bar. The appointment of Mrs. Shonts was not " obtained by a false suggestion of a material fact." Her information as to the alleged will she frankly laid before the surrogate. Nothing was concealed. She had the right to treat the alleged will as a nullity, and the most that the petitioning executor claimed was that she had seen a copy of it. The allegations of her petition were ample to put the surrogate upon inquiry, and said temporary administration was granted with knowledge on the part of the surrogate of the existence of the alleged will.

We are called upon on this appeal to review said determination of the surrogate as if an original application were made to this court. (Code Civ. Proc. § 2763.) Upon the record before us and under the circumstances presented no fraud was practiced upon the court nor was the grant of letters obtained upon the false suggestion of a material fact. The appointment was in all respects proper and regular; and no sufficient cause existed to vacate or annul said order. While perhaps a custom has obtained in this jurisdiction to appoint the executors of a contested will as temporary administrators pending probate proceedings, still where, as here, the widow of decedent receives such temporary appointment prior to the propounding of the will and before contest, the same should not be set aside. As was said in *Matter of McDonald* (160 App. Div. 86, 89): " It would be provocative of great confusion if grants of administration, valid when made, were to be vacated whenever some condition of affairs arose which, if in existence when letters were originally issued, would have required the issuance to a different person than the one to whom they were legally issued and who were the persons then entitled to them." The necessity for temporary administration of the decedent's estate was recognized by the surrogate's appointment of the corporate executor named in the alleged will in the place of the widow removed.

In conclusion, I am of the opinion that the removal of Mrs. Shonts as temporary administratrix of the estate of her deceased husband was wholly unauthorized. She had been regularly and duly appointed and had duly qualified by taking the required oath and filing the security required by the order appointing her. No charge of disqualification or of official misconduct rested against her, and her removal was upon grounds not sustained by the facts. If at any time during her incumbency she becomes disqualified or is guilty of misconduct rendering her unfit for the due execution of her trust, the law provides prompt and ample means for her removal. Until that time arrives or until letters of administration or letters testamentary are issued she is entitled to administer said estate as provided by law.

The order of the surrogate vacating and annulling the order granting temporary administration should be reversed,

with costs, and said order granting temporary administration reinstated, and letters should thereon forthwith issue out of said Surrogate's Court to said Milla D. Shonts.

CLARKE, P. J., LAUGHLIN and DOWLING, JJ., concur.

Order appealed from reversed, with costs, and order granting temporary administration reinstated. Settle order on notice.