In the Matter of the Administration of the Estate of TIMOTHY HURLEY, Late of the County of New York, Deceased.

MARY MINIHAN and FRANK J. HURLEY, Administrators, etc., Appellants; BYRAM L. WINTERS, Temporary Administrator, etc., Respondent.

First Department, June 11, 1920.

Executors and administrators — temporary administrator — accounting — right to retain assets pending accounting.

When letters of administration are granted a temporary administrator becomes *functus officio.*

A temporary administrator should not be permitted to retain in his possession all the assets of the estate pending an accounting after the appointment of the administrator, but should turn them over to the administrator, retaining therefrom sufficient only to cover his commissions, expenses and disbursements.

APPEAL by Mary Minihan and another, as administrators, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 5th day of May, 1920, denying their motion to require the temporary administrator herein forthwith to deliver to the administrators of said estate the cash assets withheld by him.

*Albert Stickney* of counsel [*Larkin & Perry,* attorneys], for the appellants.

*Warren Leslie,* for the respondent.

PAGE, J.:

Timothy Hurley died in December, 1917. An alleged last will and testament was propounded for probate, which was contested. Pending the contest proceedings, John Dunston and Daniel Hurley, the executors named in the alleged will, were appointed temporary administrators. The court directed the trial of the issue raised by the petition and answer in the probate proceedings. Upon such trial the jury found that at the time of the execution of the paper offered for probate Timothy Hurley was not of sound and disposing mind and memory and not possessed of testamentary capacity. The surrogate set aside the verdict and directed a new trial. An appeal was taken to this court and the order was reversed and the verdict of the jury reinstated. (189 App. Div. 664.) A motion was then made for an order revoking the temporary letters of administration issued to John Dunston (Dennis Hurley having died), which was granted, and Byram L. Winters was appointed temporary administrator, and received from Dunston books representing deposits in savings banks amounting to upwards of $20,000, which he has drawn out and now holds the cash in his possession. The petitioners, Mary Minihan and Frank J. Hurley, were duly appointed administrators of the estate of Timothy Hurley on February 9, 1920, and duly qualified. Thereafter repeated demands were made upon Mr. Winters to turn over the assets of the estate to the administrators. These demands were refused upon the ground that the accounts of the temporary administrator had not been settled. A motion was made to direct the temporary administrator to deliver over to the administrators the assets of the estate, which was denied. The accounts have been prepared, and it was admitted on the argument by the attorney for the temporary administrator that the sum of $1,500 would be sufficient to pay the commissions of the temporary administrator and any amount properly chargeable against the fund upon the accounting. When the letters of administration were granted herein the temporary administrator became *functus officio*. (*Matter of Choate*, 105 App. Div. 356; *Matter of Kennedy*, 186 id. 19, 22.) Under such circumstances, the temporary administrator should not be allowed to retain in his possession all the cash assets of the estate pending the

accounting. (*Matter of Clark* v. *Southworth,* 189 App. Div. 771.)

The order should be reversed, with ten dollars costs and disbursements, and the application granted to the extent of requiring the temporary administrator to deliver to the administrators the property and moneys in his hands belonging to the decedent, deducting therefrom the sum of $1,500 to cover his commissions, expenses and disbursements, to be accounted for and fixed by the decree of the court.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and application granted to extent stated in opinion.