Matter of the Estate of DUNCAN PHYFE, Deceased.

(Surrogate's Court, New York County, June, 1920.)

*Executors and administrators — when letters of administration will not be revoked — meaning of " incompetency " under Code of Civil Procedure, § 2564.*

APPLICATION to revoke letters of administration.

Maurice S. Cohen, referee.

Hawkins, Delafield & Longfellow (Lewis L. Delafield, John B. Marsh, E. J. Dimock and Alfred Gregory, of counsel), for administrator.

George E. Morgan (George H. Corey, of counsel), for petitioner.

John F. Couch, special guardian.

COHALAN, S. This is an application to revoke letters of administration. Duncan Phyfe died intestate on the 5th day of May, 1919, leaving him surviving a widow, Grace H. P. Phyfe, and two infant nephews. Edith Bell Phyfe, a sister-in-law of the decedent is the mother of the infant next of kin and their general guardian. As general guardian, she filed a petition for letters of administration upon the estate of the decedent. The petition disclosed the name and address of the widow, Grace H. P. Phyfe, who had first right to letters, but alleged the widow to be incompetent. The petition also stated that " your petitioner is informed and believes that the mental condition of the said Grace H. P. Phyfe is such that she is incapable of transacting business requiring intelligence or ordinary business knowledge, or of forming a rational judgment concerning business affairs or the care of property." A citation to show cause why letters should not issue as prayed for in the petition was duly issued to the widow and was duly served upon her. Because of the allegations of incompetency, and in pursuance of section 2530 of the Code of Civil Procedure, an order was made by the surrogate directing that a copy of the citation be delivered, in her behalf, to John F. Couch, an attorney and counsellor at law of wide experience and of high standing and ability.

The widow consulted several lawyers, but none appeared for her upon the return of the citation. She states that she intended to appear personally, but that she had stepped out of the court room and was not present when the case was called. Surrogate Fowler heard the application and marked it for decree subject to the report of a special guardian. Thereafter Mr. Couch was appointed special guardian to represent the widow. He wrote to her stating that he had been appointed special guardian to protect her interests and asked her to appoint a time when he

could see her, either at his own office or at the hotel where she resided. She received the letter and said she did not care to see the special guardian. Mr. Couch had been informed by Mr. Towne, an attorney at law, that he (Towne) represented Mrs. Phyfe, the widow, and that he intended opposing the application for letters then pending. After waiting several days, and no action having been taken by Mr. Towne, the special guardian again saw Mr. Towne, who explained that he had prepared papers to enable Mrs. Phyfe to oppose the application of the general guardian of the next of kin and to ask that letters be issued to her, but as Mrs. Phyfe had refused to sign any papers or to follow his instructions, he would not continue to represent her. Through Mr. Towne the special guardian again endeavored to communicate with his ward, but she informed Mr. Towne that she did not care to see the special guardian. The special guardian saw two other lawyers who had been consulted by the widow after Mr. Towne had ceased to represent her, and after the special guardian had filed his report, but before the decree had been signed, he had a telephone conversation with the attorney who represents the widow in this revocation proceeding. Notwithstanding Mrs. Phyfe's industry in consulting different lawyers, there was no attempt by any attorney to appear for her in the administration proceeding. The special guardian did not file his report until 15 days after the return of the citation, having held up the matter in the hope that Mrs. Phyfe would finally take some action through an attorney of her own choice. The petition asked for the issuance of letters to two persons and a trust company. The special guardian objected to the appointment of three persons, pointing out that, as the value of the estate was more than $100,000, the payment of commissions to three persons would unnecessarily reduce the widow's distributive share. The decree was set-

tled before Surrogate Fowler, who was fully informed of all the facts. The special guardian stated that the result of his inquiries led him to believe that the widow had been fully and properly advised, but was distrustful of her own counsel, and that she had certain ideas about the administration of the estate, principally that it should be administered in accordance with the wishes expressed by her husband in his unexecuted will. The special guardian not objecting, a decree was signed appointing as administrators the Farmers' Loan and Trust Company and Edith Bell Phyfe, the mother and the general guardian of the two infant next of kin. They duly qualified and letters of administration were issued to them.

From the foregoing it appears that the letters sought to be revoked by the widow were issued only after the appointment of a most capable and conscientious lawyer as special guardian for the widow, after he had investigated the matter as thoroughly as the vagaries of his ward permitted, and after he had stated to the court that he had no objection to the decree made. The widow was cited, was advised by at least four counsel before the decree was signed, and then did not appear in the proceeding. She knew that the surrogate had appointed counsel to act for her, and capriciously refused to see him or to communicate with him. The court was fully advised as to the situation. The decree was not signed until seventeen days after the return of citation. The special guardian took every precaution to protect the widow's rights and delayed the proceeding nearly two weeks to give her an opportunity to make up her mind what to do.

The widow now moves to revoke the letters issued and prays that she be appointed administratrix. Her petition refers to the "default of the petitioner" in the administration proceeding, and through inadvertence the decision herein announcing that a referee

would be appointed stated that the default would be opened. No application has been made to open a default. That could be done only in the administration proceeding. This petition is entitled in a revocation proceeding, which is the only proceeding brought by Grace H. P. Phyfe, the petitioning widow. The decree awarding letters of administration was not opened and it still stands. The only ground alleged for the revocation of letters is that the decree awarding them was procured by a false suggestion of a material fact, " namely, the false statement of your petitioner's incompetency." Because of the conflict between the petition, opposing affidavits and answering affidavits as to whether Grace H. P. Phyfe was and is competent to discharge the duties of administratrix of a large estate, an order was made directing a referee to take evidence upon the question and to report said evidence with his opinion thereon to the court. The referee has reported that in his opinion the petitioner is incompetent to receive letters bcause of " want of understanding." Code Civ. Pro., § 2564, subd. 5. It is unnecessary to discuss the testimony. I am of the opinion that it amply sustains the conclusion of the referee. This is not a finding that the widow is insane or a lunatic or that she is generally incompetent. It is a ruling that the widow has not the requisite understanding of the duties and responsibilities that she would be called upon to exercise in administering an estate worth $150,000. The statute (Code Civ. Pro., § 2564) does not mean that the incompetency which disqualifies one for " want of understanding " must be such as would be necessary for a general adjudication of incompetency or the appointment of a committee. *Matter of Leland*, 175 App. Div. 62, 67.

If the allegations in the petition in the administration proceeding regarding the incompetency of the widow to receive letters be considered as statements

of fact, they are sustained by the finding herein that she is not competent to act as administratrix of the estate. There was no false suggestion of a material fact. The court was fully apprised of the whole situation before letters were issued. The petition stated all the facts and the claim as to the inability of Grace H. P. Phyfe to properly administer the estate. *Matter of Shonts*, 191 App. Div. 427, 433. She was duly cited and did not ask for letters, though she consulted several attorneys during the pendency of the proceeding. If she is not incompetent, she is precluded by the decree in that proceeding. If she is incompetent, she is bound by the acts of her special guardian who, very properly under the circumstances, did not oppose the decree awarding letters to the trust company and Edith Bell Phyfe, the widow's sister-in-law and guardian of the only next of kin. Ample evidence has now been taken and upon such proof the petitioner could not have been appointed administratrix even if she had asked for letters in the administration proceeding. The application to revoke the letters of administration must be denied with costs. The question of the costs to be allowed and how they should be made payable will be considered upon the settlement of the order.

Decreed accordingly.